IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| In the Matter of<br><br>J.G., by and through his Parents, H.G. and D.G.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII, et al.,<br><br>        Defendants. | CIVIL NO. 11-00523 DKW-BMK<br>CIVIL NO. 13-00029 DKW-BMK<br>(CONSOLIDATED CASE)<br><br>**ORDER DENYING STUDENT'S MOTION FOR RELIEF PENDING APPEAL AND FOR STAY PUT** |

**ORDER DENYING STUDENT'S MOTION FOR RELIEF PENDING
APPEAL AND FOR STAY PUT**

        This Court's February 24, 2014 Order Reversing the Administrative Hearings Officer's December 20, 2012 Decision, which found in favor of the DOE, is presently on appeal before the United States Court of Appeals for the Ninth Circuit. While that appeal is pending, Plaintiffs move for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 that this Court would, upon remand, grant Student's motion for stay put. Because Autism Management Services is not Student's "then-current educational placement" for purposes of stay put, the Court denies the motion and declines to issue the indicative ruling requested by Plaintiffs.

## BACKGROUND

The extensive factual history of this case can be found in this Court's prior orders. Only the facts directly pertinent to this motion are briefly recounted here. Student is eligible to receive special education and related services pursuant to the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400 *et seq.*, under the category of autism. Since approximately March 2010, instead of attending his home school, Student has participated in a program created by the Center for Autism and Related Disorders ("CARD") for Autism Management Services ("AMS").[1]

There have been several due process hearing requests by Student over the past several years that have resulted in decisions by the Administrative Hearings Officer ("Hearings Officer"). The parties agree that two of those decisions are relevant to the question of stay put that is posed here. On September 10, 2010, the Hearings Officer issued a decision related to Student's due process challenge of his September 14, 2009 Individual Education Plan ("IEP"). Motion Ex. C ("First AHO Decision"). Relevant here, the Hearings Officer analyzed eligibility for reimbursement and concluded that "the CARD program is an appropriate placement for Student where he is able to make meaningful educational gains." First AHO Decision at 17. Consequently, the Hearings Officer

---

[1] At the time that Student began participating in the CARD program, AMS was owned by Student's grandmother, and Student was the only pupil at AMS. CV 11-523, Dkt. No. 27, at 2.

awarded Student "reimbursement for any education and related expenses incurred from the date of removal from the home school, October 2, 2009, through the end of 2010 summer ESY" as well as "compensatory education, including any expenses related to Student's placement in the CARD program through the end of 2010 summer ESY." *Id*. at 18. At the same time, the Hearings Officer also concluded with regard to the DOE placement that "Petitioners have not shown that the program offered through the September 14, 2009 IEP was not sufficient to meet Student's needs." *Id*. at 15.

On September 21, 2010, the Hearings Officer issue a decision related to Student's due process challenge of the April 6, 2010 IEP meeting. Motion Ex. D ("Second AHO Decision"). As a remedy for the DOE's failure to comply with IDEA procedural requirements related to the April 6, 2010 IEP meeting, the Hearings Officer concluded that the CARD program "is appropriate for Student" in order to award reimbursement. Second AHO Decision at 12. Consequently, the DOE was ordered to "reimburse Parents for Student's educational and related expenses . . . from April 6, 2010 to and including the time that an appropriate IEP is developed for Student with parent participation . . . ." *Id*. at 12–13.

In both AHO decisions, the question of appropriate placement going forward was not part of the due process challenges before the Hearings Officers. This is also the first time that Student has properly moved for stay put. At a

3

hearing before Judge Ezra on an appeal of a later Hearings Officer Decision, Student raised the issue of stay put and offered supplemental briefing. Judge Ezra declined to decide the issue without a proper motion. CV 11-00523, Dkt. No. 27, at 36. Similarly, this Court also declined to address the stay put issue when Student raised it only as part of his answering brief in the most recent set of arguments, which resulted in the decision that is presently on appeal before the Ninth Circuit. CV 11-00532, Dkt. No. 37, at 14.

## STANDARD OF REVIEW

Fed. R. Civ. P. 62.1 applies "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending . . . ." Fed. R. Civ. P. 62.1(a). In that situation, a court may do one of three things: (1) defer consideration of the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals were to remand for that purpose or that the motion raises substantial issues. *Id*. When the Court selects the final option, it is called an "indicative ruling." *Id*.; *Russell Road Food and Beverage, LLC v. Galam*, 2013 WL 2949615, at *2 (D. Nev. June 13, 2013). When a district court elects to issue an indicative ruling, the circuit court can then decide to remand the case to the district court or retain jurisdiction and resolve the appeal. An indicative ruling does not bind the district court to any particular ruling

on remand. *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4097751, at *3 (N.D. Cal. Sept. 17, 2012).

The purpose of Fed. R. Civ. P. 62.1 is to provide a method for the district court to inform the circuit court that the district court may have granted relief on a motion if a notice of appeal had not divested the district court of jurisdiction. *See* Fed. R. Civ. P. 62.1(b); *see also* Fed. R. App. P. 12.1(a). If the district court issues the indicative ruling, the moving party must notify the circuit court during the pendency of the appellate proceedings that a remand may be proper to allow the district court to rule on the underlying motion. Fed. R. App. P. 12.1(a). The circuit court may then remand to allow the district court to rule on the motion. Fed. R. App. P. 12.1(b); Fed. R. Civ. P. 62.1(c). The Advisory Committee Notes to Fed. R. Civ. P. 62.1 explain that the rule was adopted for the purposes of providing a defined procedure for district courts to follow whenever any motion is filed that the district court cannot grant because of a pending appeal.

## **DISCUSSION**

The Court exercises its authority pursuant to Fed. R. Civ. P. 62.1(a)(2) and denies Student's motion for stay put. Consequently, no indicative ruling will be issued. The basis for the Court's decision is discussed below.

The stay put provision of the IDEA provides:

Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the

5

> State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j). Although the statute itself does not speak of payment or reimbursement, the Ninth Circuit has interpreted the stay put provision as requiring a school district to fund the child's "then-current educational placement" at a private school, when applicable, during the pendency of any administrative or judicial proceedings under the IDEA. *See Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings*, 903 F.2d 635, 641 (9th Cir. 1990) (per curiam).

The IDEA does not define the phrase "then-current educational placement," but such a placement can be established in two ways. First, a child's then-current educational placement may be "the placement set forth in the child's last implemented IEP." *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 911 (9th Cir. 2009). Second, "[w]here a parent unilaterally changes the placement of a child, but a subsequent administrative or judicial decision confirms that the parental placement is appropriate, the decision 'constitute[s] an agreement by the State to the change of placement' and the placement becomes the 'current educational placement' for the purposes of the stay put provision." *K.D. ex rel. C.L. v. DOE*, 665 F.3d 1110, 1118 (9th Cir. 2011) (quoting *Clovis*, 903 F.2d at 641); *see Capistrano*, 556 F.3d at 912 ("Where the agency or the court has ruled on

6

the appropriateness of the educational placement in the parents' favor, the school district is responsible for appropriate private education costs regardless of the outcome of an appeal."). "However, such a favorable decision for a parent must expressly find that the private placement was appropriate." *K.D.*, 665 F.3d at 1118.

Here, Student does not contend that his last-implemented IEP establishes his then-current educational placement for purposes of the stay put question before this Court.[2] Instead, Student contends that the First and Second AHO Decisions establish by administrative decision that Student's participation in the CARD program at AMS is his then-current educational placement for purposes of stay put, regardless of his earlier IEP placement. The Court, however, disagrees. Neither of the Hearings Officer decisions speak to Student's placement for stay put purposes. To the contrary, those decisions only determined the appropriateness of the CARD program for awarding reimbursement, which is not tantamount to a determination of placement for stay put.

The First AHO Decision did not establish AMS as Student's then-current educational placement. The Hearings Officer concluded that reimbursement should be awarded because "the CARD program is an appropriate placement for Student where he is able to make meaningful educational gains."

---

[2]In fact, as the DOE points out, the last implemented IEP placed Student at a DOE school. CV 11-523, Dkt. No. 27, at 2; Second AHO Decision at 2; Opp. at 7.

7

First AHO Decision at 17. However, Student's DOE placement (versus a placement at AMS) was not at issue before the Hearings Officer, and the Hearings Officer never adjudicated that question. Student's arguments for stay put mirror that of the plaintiffs in *Capistrano*, where the Ninth Circuit concluded that a determination of appropriateness for reimbursement was not a determination of placement for stay put:

> L.M. points to language in the district court's opinion indicating "the private in-home services . . . were appropriate, under the circumstances" to support his argument that the court did rule on the merits of his placement. He takes this language entirely out of context. In that section of its opinion, the district court addressed the right to reimbursement under section § 1412(a)(10)(c), which permits reimbursement if the child has received "some educational benefit." The district court deemed the private placement "appropriate under the circumstances" only in the sense that L.M. had received some educational benefit entitling Parents to reimbursement for the one year for which they actually sought relief. It has no bearing on the merits of the two programs for purposes of § 1415(j).

556 F.3d at 912 n.9. Here too, the Hearings Officer only concluded that the CARD program allowed Student to make "meaningful educational gains." First AHO Decision at 17. This is not a conclusion from which this Court could imply that AMS is Student's current educational placement—that a private program allows the child to make meaningful educational gains is not tantamount to a determination of appropriate placement on the merits. *Capistrano*, 556 F.3d at 913; *see Huerta v. San Francisco Unified Sch. Dist.*, 2011 WL 5521742, at *7

(N.D. Cal. Nov. 14, 2011) ("A finding that a placement is appropriate for the purposes of reimbursement does not necessarily make that placement appropriate for the purposes of stay put relief. Different standards apply: a parental placement may be found to be appropriate for the purposes of reimbursement by a hearing officer or a court even if it does not meet the State standards that apply to education provided by school districts." (quotation marks, brackets, and emphasis omitted)). In fact, in the one related issue raised by Student before the Hearings Officer challenging the sufficiency of the program offered by the DOE through the September 14, 2009 IEP, the Hearings Officer actually concluded that "Petitioners have not shown that the program offered through the September 14, 2009 IEP was not sufficient to meet Student's needs." First AHO Decision at 15. This conclusion would be wholly inconsistent with a determination that Student could not be placed at the DOE home school and was more appropriately placed at AMS.

Similarly, the Second AHO Decision also did not establish AMS as Student's then-current educational placement for stay put. In the Second AHO Decision, the Hearings Officer was asked to decide the sole question of the procedural deficiencies related to the April 6, 2010 IEP meeting. Student did not challenge the appropriateness of placement and, consequently, the Hearings Officer did not adjudicate placement on the merits. Instead, once again, the Hearings Officer only addressed the appropriateness of the CARD program in the

9

context of reimbursement, concluding that the program "is appropriate for Student" in order to award reimbursement. Second AHO Decision at 12. The Hearings Officer "found the procedural violation to be structural and ordered the specific relief requested by Parents without ever adjudicating the appropriateness of [Student's] private placement." *Capistrano*, 556 F.3d at 912 (quotation marks and brackets omitted).[3]

        In short, the Court concludes that, despite Student's arguments to the contrary, the First and Second AHO Decisions never established AMS as Student's then-current educational placement. Moreover, no other judicial or administrative decision established such placement. Instead, Student's then-current educational placement is the placement set forth in Student's last implemented IEP, which is

---

[3] The Second AHO Decision is unlike the Hearings Officer's decision at issue in *Thomas W. v. DOE*, 2012 WL 6651884, at *7 (D. Haw. Dec. 20, 2012). In that case, Judge Seabright noted that the Hearings Officer's decision discussed at length the services that the child was receiving at AMS. Judge Seabright concluded that such a lengthy discussion counseled the Court to remand for clarification on whether the Hearings Officer intended to make a placement determination on the merits (that would dictate the determination of stay put) when she concluded that "Student's AMS program is appropriate for his individual needs and is being implemented with fidelity." *Id*. Here, however, the Second AHO Decision only mentions in a few sentences the type of general services that the CARD program provides, without any discussion of the specific services employed for Student, and without any mention of AMS. Further, the Hearings Officer merely stated that the placement (in a "Private Home Program," not AMS) was appropriate, but did not address Student's individual needs or how the CARD program was implemented with Student. Thus, it is plain that the Second AHO Decision focused solely on the procedural violation raised by Student, and the reimbursement he was entitled to as a result of that violation. Unlike the *Thomas W*. case, no remand for clarification is necessary here.

the DOE school.⁴  Accordingly, the Court denies the motion for stay put and the request for an indicative ruling pending appeal.

## **CONCLUSION**

The Court exercises its authority pursuant to Fed. R. Civ. P. 62.1(a)(2) and denies Student's motion for relief pending appeal and for stay put.

IT IS SO ORDERED.

DATED:  August 27, 2014 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

J.G., et al. v. DOE, et al.; CV 11-00523 DKW-BMK, CV 13-00029 DKW-BMK (consolidated); ORDER DENYING STUDENT'S MOTION FOR RELIEF PENDING APPEAL AND FOR STAY PUT

---

⁴The fact that the DOE has agreed, as of March 2014, to place Student at AMS going forward does not change the fact that the last implemented IEP placed Student at a DOE school.