UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| HOWARD G., INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, JOSHUA G.; AND JOSHUA G.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION, KATHRYN MATAYOSHI, IN HER OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF THE HAWAII PUBLIC SCHOOLS;<br><br>Defendants. | CIV NO. 11-00523 DKW KSC<br>CIV NO. 13-00029 DKW KSC<br><br>**ORDER AFFIRMING THE ADMINISTRATIVE HEARINGS OFFICER'S DECEMBER 20, 2012 DECISION ON ONE-TO-ONE SERVICES, FINDING A DEPRIVATION OF FAPE, AND DENYING WITHOUT PREJUDICE REMEDY REQUESTED IN PLAINTIFFS' REMAND MEMORANDUM** |

On November 3, 2016 (Dkt. No. 51), the Ninth Circuit Court of Appeals reversed this Court's February 24, 2014 "Order Reversing the Administrative Hearings Officer's December 20, 2012 Decision" (Dkt. No. 37) and remanded with instructions to consider "whether, after giving substantial weight to the hearing officer's conclusion, J.G. was denied a free appropriate public education ('FAPE')" under the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. §§ 1400, *et seq*. *See* Ninth Cir. Mem. ¶ 2, Dkt. No. 51. For the reasons set forth below, the portion of the Administrative Hearings Officer's

December 20, 2012 Decision determining that Student required one-to-one services (Dkt. No. 46-11) is AFFIRMED, and the Court finds that the failure to provide such services constitutes a denial of FAPE. Parents' request for reimbursement of costs incurred between February 1, 2012 and March 11, 2014 is DENIED WITHOUT PREJUDICE.

## **BACKGROUND**

The IDEA was enacted "[t]o ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" 20 U.S.C. § 1400(d)(1)(A). As a condition of federal financial assistance under the IDEA, states must provide such an education to disabled children residing in the state who are between the ages of 3 and 21, inclusive. 20 U.S.C. § 1412(a)(1)(A).

Plaintiff J.G. ("Student") is a minor child with autism receiving special education and related services pursuant to the IDEA. Parents removed Student from Kamali'i Elementary School and began home schooling him in early October 2009. *See* Mot. for Relief Pending Appeal, Ex. D [FOF/COL & Decision (Sept. 21, 2010)] at FOF 3, Dkt. No. 46-8 [hereinafter Sept. 21, 2010 Admin. Decision]; *id.*, Ex. C [FOF/COL & Decision (Sept. 10, 2010)] at FOF 33, Dkt. No. 46-7 [hereinafter Sept. 10, 2010 Admin. Decision]. In March 2010, Parents

2

procured services for Student through a program created by the privately owned Center for Autism and Related Disorders ("CARD"), via Autism Management Services a/k/a Maui Autism Center ("AMS"). *See* Admin. R., Ex. 17 [FOF/COL & Decision (Aug. 3, 2011)] at FOF 3, Dkt. No. 15-17 [hereinafter Aug. 3, 2011 Admin. Decision]. A new Individualized Education Program ("IEP") was then developed for Student on April 6, 2010 at Kamaliʻi Elementary, which he had attended for three years.

Parents challenged the April 6, 2010 IEP on multiple grounds in a Request for Impartial Hearing ("May 6, 2010 Complaint"), which proceeded to formal hearing before Administrative Hearings Officer ("AHO") Haunani H. Alm on August 17, 2010. In her subsequent written decision, AHO Alm concluded that Student's April 6, 2010 IEP impeded his right to a FAPE under the IDEA . Sept. 21, 2010 Admin. Decision at 12–13, Dkt. No. 46-8. Accordingly, AHO Alm ordered Defendant Department of Education ("DOE") to "reimburse Parents for Student's educational and related expenses, upon presentation of proper documentation of educational and related expenses, from April 6, 2010 to and including the time that an appropriate IEP is developed for Student with parent participation." Sept. 21, 2010 Admin. Decision at 12–13, Dkt. No. 46-8; *see also* Mot. for Relief Pending Appeal, Ex. H [Reimbursement Letter (Oct. 14, 2010)], Dkt. No. 46-12. The September 21, 2010 Administrative Decision also states that

"(a) the April 6, 2010 IEP was developed without Parents' participation and is not appropriate; and (b) the Private Home Program is appropriate for Student." Sept. 21, 2010 Admin. Decision at 12, Dkt. No. 46-8.

A meeting to replace the April 6, 2010 IEP took place on November 4, 2010. The IEP developed during this meeting (Admin. R., Ex. 3 [Nov. 4, 2010 IEP], Dkt. No. 17-3) provided Student with 1650 minutes of special education per week; 60 minutes of speech-language therapy per week; and 270 minutes of occupational therapy sessions per quarter. *See* Aug. 3, 2011 Admin. Decision at 11, Dkt. No. 15-17.[1] A November 10, 2010 Prior Written Notice of Department Action by the DOE determined that "[Student]'s program [outlined in the November 4, 2010 IEP] is able to be provided at his neighborhood public school" and explained that "[Student]'s neighborhood school is able to provide the least restrictive environment in order for [Student] to access his education." Prior Written Notice at 1, Dkt. No. 17-4.

---

[1]The clarification of services section of the November 4, 2010 IEP further states:

> Speech therapy provided by the speech therapist will occur for 60 minutes per week. The paraprofessional and/or special education teacher will attend speech therapy sessions with (Student) and they will complete the communication activities for at least 60 minutes daily, per the speech therapist's direction. (Student) will have consistent close adult supervision (paraprofessional or special education teacher) for the full school day.

Nov. 4, 2010 IEP at 15, Dkt. No. 17-3. The November 4 IEP also offered Student numerous supplementary aids and services, including "'close adult supervision/paraprofessional support' for 1740 minutes per week." Aug. 3, 2011 Admin. Decision at 11, Dkt. No. 15-17.

Dissatisfied with the November 4, 2010 IEP, Parents filed another complaint and request for impartial due process hearing on November 17, 2010 seeking reimbursement from the DOE for the cost of Student's AMS program from the date of the November 4, 2010 IEP to the start of the 2011–12 school year, plus attorney's fees, among other things. *See* Admin. R., Ex. 1 [Nov. 17, 2010 Compl.], Dkt. No. 15-1. A Resolution Session was convened on December 2, 2010 to address the November 17, 2010 Complaint. *See* Admin. R., Ex. 5 [Resolution Session Summ. (Dec. 2, 2010)], Dkt. No. 15-5. When no agreement was reached during this resolution session, the matter proceeded to an evidentiary hearing before AHO Young, which was completed on May 26, 2011. *See* Aug. 3, 2011 Admin. Decision at 3, Dkt. No. 15-17.

On August 3, 2011, AHO Young issued a decision (Dkt. No. 15-1) recommending dismissal of Parents' November 17, 2010 Complaint because Parents had failed to show that: (1) Student's November 4, 2010 IEP was untimely; (2) the DOE had not used the most current information on Student available to it; (3) the DOE prevented them from participating; (4) the IEP "did not appropriately address [Student]'s need for a transition process between the present program and the proposed DOE program"; (5) DOE did not identify a qualified teacher sufficient to adhere to the requirements of the IDEA; or (6) the IEP "failed to offer [Student] appropriate services to address his need for 1:1 instruction or a program

5

specifically tailored to address Student's behavioral and autism-specific needs." Aug. 3, 2011 Admin. Decision at 17, Dkt. No. 15-17. AHO Young also found "[b]ased upon the testimonies of Father and the CARD regional director . . , the CARD program is an appropriate placement for Student where he is able to make meaningful educational gains." Aug. 3, 2011 Admin. Decision at 17, Dkt. No. 15-17.

Parents initiated the instant lawsuit—appealing AHO Young's August 3, 2011 Administrative Decision (Dkt. No. 15-17) to this District Court—on August 25, 2011. Compl., Dkt. No. 1. In a June 29, 2012 Order Affirming in Part, Vacating in Part and Remanding in Part the Decision of the Administrative Hearings Officer ("June 29, 2012 Order"), Judge Ezra decided "that the evidence failed to demonstrate that the IEP would provide one-to-one instruction" and "expressly remanded for the hearing officer to determine whether [the Student] required it." June 29, 2012 Order at 30, Dkt. No. 27 (noting that the AHO "only determined that one-to-one services were 'appropriate'—that is, that a higher level of services was not required," but did not determine whether "one-to-one services were in fact required"). With regards to the requested reimbursement, Judge Ezra wrote:

> As stated above, the Court has affirmed the Hearings Officer's conclusions as to all of Plaintiffs' claims except for the issue of whether the IEP's lack of one-to-one services constitutes a denial of FAPE, which the Court has remanded to the Hearings

6

> Officer. Therefore, a determination on reimbursement is premature.

June 29, 2012 Order at 35, Dkt. No. 27.

The matter was remanded from Judge Ezra to AHO Young, who decided the single issue presented without an evidentiary hearing. *See* Mot. for Relief Pending Appeal, Ex. G [Remanded Decision Subsequent to [June 29, 2012 Order] (Dec. 20, 2012)] at 3, Dkt. No. 46-11 [hereinafter Dec. 20, 2012 Admin. Decision] (noting that the parties "agreed that there was no need to submit additional evidence through an evidentiary hearing"). In the December 20, 2012 Administrative Decision, AHO Young found and concluded that

> Based upon Student's needs, Student required one-to-one services. In light of Judge Ezra's finding that the November 4, 2010 IEP did not offer one-to-one services, the Hearings Officers determines that the November 4, 2010 IEP was not substantively adequate to address Student's needs and provide Student the opportunity to achieve meaningful educational gains, and denied Student a FAPE; and
>
> Based upon this denial of FAPE, it is recommended that [Parents] be granted reimbursement for the costs of Student's private program from November 4, 2010 through the annual review date of November 4, 2011.

Dec. 20, 2012 Admin. Decision at 10–11, Dkt. No. 46-11.

The DOE appealed the December 20, 2012 Administrative Decision to this Court by initiating a separate lawsuit, *Dep't of Educ. v. G.*, 1:13-cv-00029-DKW-KSC, Dkt. No. 1 (D. Haw. Jan. 17, 2013), which was thereafter consolidated with Judge Ezra's existing case, *Howard G., et al. v. DOE et al.*, 1:11-cv-00523-DAE-

BMK (D. Haw. Aug. 25, 2011). *See* Order of Reassignment of Cases (May 8, 2013), Dkt. No. 31. Following reassignment of the consolidated matter (*id.*), the Court issued its Order Reversing the Administrative Hearings Officer's December 20, 2012 Decision (Dkt. No. 37) on February 24, 2014. The Court ruled in favor of the DOE, finding that none of the evidence AHO Young relied on established Student's need for one-to-one services, and concluding that there was therefore no denial of FAPE or basis for reimbursement. Regarding Parents' additional request for stay put payments through the pendency of the appeal, the Court explained:

> Student and Parents also similarly raised the issue of stay put in a belated fashion in the prior appeal before Judge Ezra. Judge Ezra declined to address stay put in the appeal itself, requiring that a proper stay put motion be filed. [June 29, 2012 Order] at 36. This Court follows suit. If Student and Parents are still seeking stay put, they must file a separate motion with proper briefing.

Feb. 24, 2014 Order Reversing Admin. Decision at 14, Dkt. No. 37. Parents filed their Notice of Appeal (Dkt. No. 39) regarding the February 24, 2014 Order Reversing Administrative Decision on March 20, 2014.

While this Court's February 24, 2014 Order Reversing Administrative Decision was on appeal to the United States Court of Appeals for the Ninth Circuit, Parents moved on May 12, 2014 for an indicative ruling regarding stay put. *See* Mot. for Relief Pending Appeal & for Stay Put Order, Dkt. No. 46. On August 27, 2014, this Court denied the motion, finding that "the question of appropriate

placement going forward was not part of the due process challenges before the Hearings Officers" and concluding that AMS was not Student's "then-current educational placement" for purposes of stay put. *See* Order Den. Student's Mot. for Relief Pending Appeal & For Stay Put at 1–2, Dkt. No. 50 [hereinafter Aug. 27, 2014 Order Den. Relief Pending Appeal].

On November 3, 2016, the Ninth Circuit issued a Memorandum (Dkt. No. 51) regarding Parents' appeal from the February 24, 2014 Order Reversing Administrative Decision. In it, the Ninth Circuit found that in reaching the conclusion set forth in the December 20, 2012 Administrative Decision, AHO Young had "considered competing evidence concerning [Student]'s intellectual and behavioral development and arrived at a reasoned conclusion that he needed one-to-one instruction." Ninth Cir. Mem. ¶ 2, Dkt. No. 51 ("The hearing officer's decision reflects 'careful, impartial consideration of all the evidence' and 'sensitivity to the complexity' of the issue.") (quoting *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010)). For this reason, and in light of [AHO Young]'s specialized expertise," the Ninth Circuit found that AHO Young's conclusion "that [Student] required one-to-one instruction was entitled to substantial weight." Ninth Cir. Mem. ¶ 2, Dkt. No. 51. Therefore, the Ninth Circuit reversed this Court's February 24, 2014 Order Reversing Administrative Decision to the extent it found to the contrary "and remand[ed] so

9

that [this Court] may reconsider whether, after giving substantial weight to the hearing officer's conclusion, [Student] was denied a free appropriate public education." Ninth Cir. Mem. ¶ 2, Dkt. No. 51. The Ninth Circuit declined to rule on the propriety of this Court's August 27, 2014 Order Denying Relief Pending Appeal (Dkt. No. 50), in which the Court declined the requested stay put order, because that order was "not properly before [them]." Ninth Cir. Mem. ¶ 3, Dkt. No. 51.

Upon remand, Parents' attorneys withdrew as counsel. *See* Order Granting Mot. to Withdraw, Dkt. No. 72 (filed March 6, 2017). On February 22, 2017, the Court ordered the parties to settlement. *See* Entering Order (Feb. 22, 2017), Dkt. No. 67. Parents then retained new counsel (*see* Dkt. Nos. 69, 70), approved on March 6, 2017 (Dkt. No. 73), who represented them at the unsuccessful March 20, 2017 settlement conference before Magistrate Judge Chang (*see* Dkt. No. 74).

On April 28, 2017, Parents filed a motion to enforce an alleged agreement "reached . . . on December 2, 2010 pursuant to 20 U.S.C. § 1415(f)(1)(B)," in which the DOE allegedly agreed to reimburse Parents for the costs of AMS from February 2012 to March 2014. Mot. to Enforce Resolution Agreement ¶ 3, Dkt. No. 75. In an Order filed October 26, 2017, however, this Court held that there was no contract—or binding agreement of any kind arising out of the December 2, 2010 Resolution Session—to enforce. Order Den. Mot. to Enforce Resolution

10

Agreement at 5, Dkt. No. 82. Accordingly, the Court denied any award of reimbursement for the February 2012 to March 2014 time period. *Id.*

While awaiting this Court's ruling on their April 28, 2017 Motion to Enforce Resolution Agreement, Parents initiated a separate federal lawsuit before this Court (*J.G. v. Dep't of Educ.*, 17-cv-00503 DKW-KSC (D. Haw. Oct. 10, 2017) [hereinafter Related Lawsuit]), which arose out of their May 5, 2017 Amended Request for Impartial Due Process Hearing ("May 5, 2017 Complaint"). The May 5, 2017 Complaint challenged "[t]he DOE's unilateral decision to change J.G.'s [educational] placement to [the] Poʻokela Maui [specialized education center]." *See* First Am. Compl., Ex. A [Pet'r's Addendum to Am. Request for Impartial Due Process Hr'g] at 5, Related Lawsuit Dkt. No. 31.[2] Parents also filed a "Motion to Enforce the 'Stay Put' Rule" in the Related Case on October 11, 2017, in which they asked this Court to order the DOE to "continue to pay for [Student's] current educational placement at [AMS] until complete resolution of the issues presently before this Court, including any appeals taken therefrom." Mot. to Enforce Stay Put at 4, Related Lawsuit Dkt. No. 7. A hearing on the Motion to Enforce Stay Put

---

[2] After the parties "completed the administrative hearings" on the May 5, 2017 Complaint on November 2, 2017 (*see* Mem. in Supp. at 4–5, Related Lawsuit Dkt. No. 47), AHO Somerville filed a decision in the matter on December 20, 2017. Parents seek to appeal that final decision through an amended complaint in the Related Lawsuit, approval for which remains pending. *See* January 10, 2018 Mot. to Amend Compl., Related Lawsuit Dkt, No. 59. The merits of AHO Somerville's recent decision and Parents' appeal therefrom is not discussed further.

11

is scheduled for April 5, 2018.  *See* Entering Order (Jan. 10, 2017), Related Lawsuit Dkt. No. 62.

In a hand-delivered letter dated October 10, 2017 and docketed November 1, 2017 (Dkt. No. 83), counsel for Parents "inquire[d] as to the status of the Remand from the 9th Circuit" and questioned whether the Court required anything further from the parties in order to rule.  In response, the Court directed the parties to submit brief memoranda "to address what further action they would have this Court take in order to 'implement the 9th Circuit ruling.'"  Entering Order (Nov. 1, 2017), Dkt. No. 84.  The parties simultaneously filed these memoranda on November 16, 2017.  *See* Mem. on Remand Issues as Per Order of Ct., Dkt. No. 86 [hereinafter Parents' Remand Mem.]; Defs-Pl. Dep't of Educ.'s Mem. Regarding Further Action on Remand, Dkt. No. 87 [hereinafter DOE Remand Mem.].  The instant disposition follows.

## **LEGAL STANDARD**

The IDEA states, in part:

> Any party aggrieved by the findings and decision made [pursuant to an administrative hearing], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any state court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A).  When a party files an action challenging an administrative decision under the IDEA, the district court "(i) shall receive the

12

records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; [and] (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court deems is appropriate." 20 U.S.C. § 1415(i)(2)(C); *see also Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). In reviewing administrative decisions, the district court has the discretion to determine the amount of deference it will accord the administrative ruling. *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010) (citing *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987)); *see also Cty. of San Diego v. Calif. Special Educ. Hr'gs Office*, 93 F.3d 1458, 1466–67 (9th Cir. 1996) (explaining that the district court should give "substantial weight" to the decision of the hearings officer when the decision "evinces his careful, impartial consideration of all the evidence and demonstrates his sensitivity to the complexity of the issues presented" (citation and quotation marks omitted)).

The party challenging the administrative decision bears the burden of proof. *See Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1498 (9th Cir. 1996); *Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1103 (9th Cir. 2007). The challenging party must show, by a preponderance of the evidence, that the decision of the hearings officer should be reversed. *J.W.*, 626 F.3d at 438.

## DISCUSSION

I. Student Was Denied a FAPE

Under the IDEA, Free Appropriate Public Education means special education and related services that: (a) have been provided at public expense, under public supervision and direction, and without charge; (b) meet the standards of the State educational agency; (c) include an appropriate preschool, elementary school, or secondary school education in the State involved; and (d) are provided in conformity with an individualized education program. 20 U.S.C. § 1401(9); 34 C.F.R. § 300.17; Haw. Admin. R. § 8-60-2. The United States Supreme Court has established a two-part test to determine whether a state has provided a FAPE: (1) whether the state has complied with the procedural requirements set forth in the IDEA; and (2) whether the IEP developed through the Act's procedures is reasonably calculated to enable the child to receive educational benefits. 458 U.S. 176, 206–07 (1982); *see also Amanda J. ex rel. Annette J. v. Clark Cty Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001) (citations omitted) (noting that although "[n]ot every procedural violation . . . is sufficient to support a finding that the child in question was denied a FAPE," "procedural inadequacies that result in a loss of educational opportunity, or seriously infringe on the parents' opportunity to participate in the IEP formulation process, or that caused a deprivation of educational benefits, clearly result in the denial of a FAPE").

In reviewing administrative decisions, the district court must give "due weight" to the state's judgments of educational policy. *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 908 (9th Cir. 2009); *Michael P. v. Dep't of Educ.*, 656 F.3d 1057, 1066 (9th Cir. 2011) (quoting *Seattle Sch. Dist.*, 82 F.3d at 1499). However, the district court has the discretion to determine the amount of deference it will accord the administrative ruling. *J.W.*, 626 F.3d at 438 (citing *Gregory K.*, 811 F.2d at 1311). In reaching this determination, the court should consider the thoroughness of the hearings officer's findings, increasing the degree of deference where said findings are "thorough and careful." *Michael P.*, 656 F.3d at 1066; *L.M.*, 556 F.3d at 908 (quoting *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995)).

Here, regarding the sufficiency of AHO Young's December 20, 2012 Administrative Decision (Dkt. No. 46-11), the Ninth Circuit held:

> The hearing officer's decision reflects "careful, impartial consideration of all the evidence" and "sensitivity to the complexity" of the issue.[3] *J.W.* . . . , 626 F.3d [at] 438 . . .

---

[3]The Ninth Circuit found support for this conclusion in the following findings by AHO Young:

> [Student] spoke at approximately a two-year-old level and had "significant delays in language," and that the existence of a behavioral support plan at his private school indicated that he had "behavioral problems." [AHO Young] also pointed out that the IEP's provision of 1740 minutes per week of "consistent close adult supervision/ paraprofessional support" demonstrated that [Student] had "social and/or safety concerns such that [he] could not be left alone," and that he lacked independence. [AHO Young] considered evidence potentially supporting the opposite conclusion, including testimony from a school psychologist that [Student]'s behavioral problems did not appear to warrant one-to-one

15

(quoting *Cty. of San Diego* . . . , 93 F.3d [at] 1466 . . . ). In light of the hearing officer's specialized expertise, his conclusion that [Student] required one-to-one instruction was entitled to substantial weight. *See* [*id.*] at 1466–67.

Ninth Cir. Mem. ¶ 2, Dkt. No. 51. The Court accords substantial weight to AHO Young's conclusion that Student required one-to-one services, as directed. Ninth Cir. Mem. ¶ 2 ("We therefore reverse the district court's judgment and remand so that it may reconsider whether, after giving substantial weight to the hearing officer's conclusion, [Student] was denied a free appropriate public education."). Having done so, the Court AFFIRMS the determination that Student required one-to-one services. *See* Dec. 20, 2012 Admin. Decision at 10, Dkt. No. 46-11.[4]

Because the Court now affirms AHO Young's determination that one-to-one services were required (Dec. 20, 2012 Admin. Decision at 10, Dkt. No. 46-11), and because Judge Ezra previously concluded that the evidence failed to demonstrate that the November 4, 2010 IEP would provide Student with these services (June 29, 2012 Order at 29, Dkt. No. 27), the Court now finds that the November 4, 2010 IEP's denial of these necessary services denied Student a FAPE. *See Bd. of Educ.*

---

instruction. Although [Parents] did not rebut this testimony with expert testimony of their own, the hearing officer was not required to accept the school psychologist's testimony as the final word on the subject. Instead, the hearing officer was required to consider that testimony along with all of the other evidence in the record [and] did so here.

Ninth Cir. Mem. ¶ 2, Dkt. No. 51.

[4] In so affirming, the Court notes that neither party's November 16, 2017 Remand Memorandum suggests a different conclusion. *See* Dkt. Nos. 86 & 87.

*of the Hedrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206–07 (1982), *superseded by statute on other grounds, as recognized* in *M.L. v. Fed. Way Sch. Dist.*, 394 F.3d 634, 653 (9th Cir. 2005).

II. <u>Appropriate Remedy for the Denial of a FAPE</u>

Courts have discretion when crafting appropriate relief for a denial of a FAPE, which must be "designed to ensure that the student is appropriately educated within the meaning of the IDEA." *Park ex rel. Park v. Anaheim Union High Sch.*, 464 F.3d 1025, 1033 (9th Cir. 2006). For instance, a court may award attorneys' fees if the parent (1) is the "prevailing party" and (2) seeks fees that are "reasonable." *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). "A prevailing party is one who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 825 (9th Cir. 2007). If a plaintiff wins on one claim but not all claims, that plaintiff is entitled to all attorneys' fees reasonably expended in pursuing the claim on which it prevailed. *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991).

In their remand memorandum, Parents argue that they are entitled to reimbursement for 25 months and 10 days of private placement plus the legal rate of interest *from February 1, 2012 to March 11, 2014*. Parents' Remand Mem. at 5 (citing H.G. Decl. ¶¶ 6–10, Dkt. No. 75-1). Parents, however, do not detail the

17

basis for this request. Moreover, Parents' November 17, 2010 Complaint only sought reimbursement from the DOE for the cost of Student's AMS program *from November 4, 2010 to the start of the 2011–12 school year*. Nov. 2010 Compl. at 4–5, Dkt. No. 15-1; *see also* 20 U.S.C. § 1415(f)(3)(B) ("The party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that were not raised in the notice filed under subsection (b)(7), unless the other party agrees otherwise.").

Insofar as Parents are still owed reimbursement for the cost of Student's AMS program from November 4, 2010 through the start of the ESY 2011–12 school year,[5] the Court orders such reimbursement forthwith. The Court does not, however, make any determination with respect to reimbursement of AMS costs from February 1, 2012 through March 11, 2014, or with respect to any other relief that Parents may seek, without a full record. Plaintiffs may submit such a request seeking fees and costs within 30 days. The Court will treat the failure to submit such a timely request as a waiver of any claim to additional fees and costs, including reimbursement of costs from February 1, 2012 through March 11, 2014. If Plaintiffs' Motion to Enforce Stay Put presently set for hearing on April 5, 2018 (Related Lawsuit Dkt. No. 7) represents Plaintiffs' sole effort to recover such fees

---

[5]AHO Young "recommended that [Parents] be granted reimbursement for the costs of Student's private program from November 4, 2010 through the annual review date of November 4, 2011." Dec. 20, 2012 Admin. Decision at 11, Dkt. No. 46-11.

and costs, Plaintiffs may simply notify the Court and the parties of that fact without the need to file an additional motion.

## CONCLUSION

The AHO's December 20, 2012 determination that Student required one-to-one services is AFFIRMED. The denial of such services constitutes a denial of a FAPE under the IDEA, and the Court orders reimbursement of costs for AMS from November 4, 2010 until the start of the 2011–12 school year, if not already reimbursed by Defendants. Parents' request for reimbursement of any additional fees and costs is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: January 29, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Howard G. v. State Of Hawaii,* ; CIV. NO. 11-00523 DKW KSC, CIV 13-00029 DKW KSC; **ORDER AFFIRMING THE ADMINISTRATIVE HEARINGS OFFICER'S DECEMBER 20, 2012 DECISION ON ONE-TO-ONE SERVICES, FINDING A DEPRIVATION OF FAPE, AND DENYING WITHOUT PREJUDICE REMEDY REQUESTED IN PLAINTIFFS' REMAND MEMORANDUM.**