UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| HOWARD G., INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, JOSHUA G.; AND JOSHUA G.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION, and CHRISTINA M. KISHIMOTO, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF THE STATE OF HAWAII, DEPARTMENT OF EDUCATION,[1]<br><br>Defendants. | CIV. NO. 11-00523 DKW-KSC<br>CIV. NO. 13-00029 DKW-KSC<br><br>**ORDER GRANTING AND DENYING IN PART PLAINTIFFS' MOTION REQUESTING JUDGMENT BE SET OUT IN SEPARATE DOCUMENT** |

On May 6, 2019, Plaintiffs filed a Motion Requesting Judgment Be Set Out in Separate Document. Motion, Dkt. No. 126. By this Motion, Plaintiffs seek entry of two separate judgments, one pursuant to the Court's May 2018 Order Granting Plaintiff's Motion for Judgment Granting Reimbursement Of Private Tuition (Order, Dkt. No. 116), and, second, what would effectively be a deficiency judgment obligating Defendants to satisfy the balance allegedly remaining on the

---

[1] Pursuant to Fed.R.Civ.P. 25(d), Christina M. Kishimoto is substituted in place of Kathryn Matayoshi, each in their official capacity. Dr. Kishimoto became Superintendent of the State of Hawaii, Department of Education, in August 2017 after the inception of these actions.

Court's tuition reimbursement Order in the amount of $99,014.48. Defendants objected (Dkt. No. 127), and the Court ordered additional briefing from both parties (Dkt. No. 128). Supplemental briefing has been completed (Dkt. Nos. 129, 132), and the Court found these matters suitable for disposition without a hearing, pursuant to Local Rule 7.2(d).

For the reasons set forth below, Plaintiffs' Motion is GRANTED IN PART. The Court will direct entry of judgment in favor of Plaintiffs, consistent with its May 2018 Order (Dkt. No. 116) and this Order. However, because Defendants have satisfied the Court's Order and prospective judgment in full, exclusive of attorneys' fees and costs, and Plaintiffs are not entitled to the disputed $99,041.48, or any portion thereof, no additional judgment is warranted.

## **DISCUSSION**

The Court's May 2018 Order granted judgment in favor of Plaintiffs for reimbursement of private tuition. Dkt. No. 116. In so ordering, the Court stated "… this Court awards to Parents reimbursement for any costs or expenses related to Student's private education retroactive to the deficient September 14, 2009 IEP, upon their documentation of such costs or expenses (*e.g.,* AMS invoices, Dkt. No. 95 at 5-56), but clarifies that DOE is to be credited for all payments it has already made to Parents that would otherwise be captured under this Judgment." *Id*. at 23. Plaintiffs provided the documentation of costs through the declaration of Rose

Magbual, a bookkeeper for AMS. Magbual Declaration, Dkt. No. 118. It is undisputed that DOE has made payment of $408,914.75, the cost of unpaid tuition at AMS for the relevant period, as documented in Magbual's Declaration. Motion at ¶7.

Plaintiffs now move the Court to set out judgment in a separate document. Notwithstanding the title of the Motion, the crux of Plaintiffs' request appears to be that the Court find that DOE has only partially satisfied the May 2018 Order (Dkt. No. 116). Motion at ¶4. According to Plaintiffs, although DOE has made payment of $408,914.75, there remains an unpaid balance of $99,041.48 (the "deficiency"). *Id*. at ¶8.

The parties variously characterize what this $99,041.48 represents. Magbual's Declaration, for instance, includes the statement that the deficiency "represents interest on the outstanding invoices" and attaches an explanation of how she calculated the interest using the "Prime Rate." *Id*., 3; Ex. B. Plaintiffs similarly describe the deficiency as "interest on amounts owed for private tuition" (Dkt. No. 120 at 2), while the DOE describes it as "pre-judgment interest" (Dkt. No. 127 at 2). To clarify, the Court ordered supplemental briefing, directing Plaintiffs to "explain[] how and why the $99,041.48 in question 'represents documentation of interest on amounts owed for private tuition as a cost or expense.'" Dkt. No. 128.

In their responsive supplemental briefing, Plaintiffs now state the deficiency represents interest accrued on personal loans made by the then-director of AMS, Arlene Greenberg, to AMS to cover the shortfall in revenue created by DOE's failure to pay Plaintiff J.G.'s tuition. Dkt. No. 129 at 4. In so stating, Plaintiffs disclaim DOE's assertions that the deficiency judgment they seek relates to prejudgment interest.[2] The Court therefore treats the alleged deficiency as interest allegedly accrued on personal loans from Greenberg to AMS.

Besides Ms. Greenberg's declaration that she made such personal loans (Dkt. No. 129-1), Plaintiffs provide no documentation, such as a loan agreement, evidencing money borrowed by AMS from Greenberg, no documentation of interest allegedly charged by Greenberg to her own company, nor any documentation of how, to what extent, or even if AMS passed the costs and interest associated with these loans onto students, such as J.G. Equally significant, the interest charges allegedly borne by Greenberg to keep her business afloat appear, at best, to be damages that she incurred, not Plaintiffs. As a non-party to this case, Ms. Greenberg is entitled to nothing from the DOE. Moreover, her

---

[2] While disclaiming the deficiency as prejudgment interest, Plaintiffs simultaneously state that the prejudgment interest cases cited by the DOE are nonetheless relevant. *See* Dkt. No. 129 at 4 (quoting *TB. V. San Diego Unified School Dist.*, 239 F. Supp. 3d 1177 (S.D.Cal. 2018), an IDEA case, as stating "…the essential rational for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss…" with Plaintiffs adding the conclusion "that is precisely the case here."). Why that is so is not entirely clear.

4

attempt to use Plaintiffs to collect on her behalf, and as a means to circumvent her standing problem, is supported by no authority of which this Court is aware, and certainly by no authority that has been provided by Plaintiffs.[3]

## CONCLUSION

Plaintiffs' Motion for Judgment to be Set out in Separate Document is GRANTED IN PART. The Clerk of Court is directed to enter judgment for Plaintiffs, consistent with the Court's May 2018 Order. Plaintiffs' Motion is DENIED in all other respects, including its request for the entry of a separate deficiency judgment in the amount of $99,041.48.

IT IS SO ORDERED.

DATED: May 24, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

[3]Finally, the Court notes Plaintiffs' suggestion that the Court's May 2018 Order already awarded them the $99,041.48 they now seek. Dkt. No. 129 at 2-3. The Court has done nothing of the sort. Plaintiffs' suggestion is based on a contorted, and, frankly, absurd reading of the Order that deserves no further mention.