IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOWARD G., INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, JOSHUA G.; AND JOSHUA G., <br><br>  Plaintiffs, <br><br> vs. <br><br> STATE OF HAWAII, DEPARTMENT OF EDUCATION, et al.; <br><br>  Defendants. <br> _____ <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br>  Plaintiff, <br><br> vs. <br><br> J.G., by and through his Parents, H.G. and D.G., <br><br>  Defendants. | CIV. NO. 11-00523 DKW-RT <br> CIV. NO. 13-00029 DKW-RT <br> (Consolidated Cases) <br><br> FINDINGS AND RECOMMENDATIONS TO SUSTAIN IN PART AND OVERRULE IN PART STATE OF HAWAII, DEPARTMENT OF EDUCATION'S OBJECTION TO PLAINTIFFS' BILL OF COSTS |

FINDINGS AND RECOMMENDATIONS TO SUSTAIN IN PART
AND OVERRULE IN PART STATE OF HAWAII, DEPARTMENT
OF EDUCATION'S OBJECTION TO PLAINTIFFS' BILL OF COSTS

Before the Court is Defendant-Plaintiff Department of Education's ("DOE" or

"Defendant") Objection to Plaintiffs' Bill of Costs, timely filed on June 13, 2019

("Objection") (Howard G., ECF No. 137). This is a consolidated case pursuant to a

Stipulation to Consolidating for All Purposes, filed on August 21, 2013. Cases Howard

G., et al. v. State of Hawaii Department of Education, et al., Civil No. 11-00523 DKW-RT ("Howard G.") and State of Hawaii Department of Education, et al. v. J.G., et al., Civil No. 13-00029 DKW-RT ("J.G.") were consolidated under Civil No. 11-00523.

Pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.

Plaintiffs Howard G. and J.G. (collectively "Plaintiffs") filed their Bill of Costs on June 7, 2019 ("Bill of Costs") (Howard G., ECF No. 135), and requested fees of the clerk, fees for transcripts, copying fees, docket fees, and other costs, which includes filing fees, additional copying fees, traveling fees, and pro hac vice fees, to be taxed. Defendant objects to (1) transcript fees for the August 11, 2017 Motion to Enforce Resolution Agreement; (2) docket fees of $5.00; (3) airfare and cab fare to attend oral argument before the 9th Circuit; and (4) the filing fee for Plaintiffs' Petition for a Writ of Mandamus.

After careful review of the parties' submissions, the records in this case, and the applicable law, the Court FINDS and RECOMMENDS that Defendant's Objection be SUSTAINED IN PART and OVERRULED IN PART. The Court FINDS and RECOMMENDS that a total of $1,520.43 out of the requested $3,560.03 are taxable costs under 28 § U.S.C. § 1920. Out of the total requested amount, the Court FINDS and RECOMMENDS that $2,039.60 is not taxable.

BACKGROUND

On August 25, 2011, Plaintiffs filed their Complaint in the district court in order to appeal from the Administrative Hearings Officer's August 3, 2011 administrative decision. The Administrative Hearings Officer had found that Plaintiffs failed to prove their claims under the Individuals with Disabilities Education Act ("IDEA"). Howard G., ECF No. 1. On June 29, 2012, the district court issued its Order Affirming in Part, Vacating in Part and Remanding in Part the Decision of the Administrative Hearings Officer ("Remand Order"). Howard G., ECF No. 27. The district court remanded and instructed the Administrative Hearings Officer to address whether one-to-one services were required given that the district court found that the Individualized Education Program ("IEP") did not offer one-to-one services, and whether the IEP was substantively adequate. Howard G., ECF No. 27, p. 30, ¶ 1.

On remand, the Administrative Hearings Officer's December 20, 2012 administrative decision found that one-to-one services were required, and the IEP was not substantively adequate. Howard G., ECF No. 7-1, p.11. The Defendant appealed the Administrative Hearings Officer's decision by filing its Complaint in the district court on January 17, 2013. Howard G., ECF No. 1. On February 24, 2014, the Court reversed and remanded the December 20, 2012 administrative decision. Howard G., ECF No. 37.

On March 20, 2014, Plaintiffs filed their Notice of Appeal. Howard G., ECF No. 39. On November 3, 2016, the Ninth Circuit issued its Memorandum Opinion, which reversed and remanded the Court's February 24, 2014 decision. Howard G., ECF No. 51. On remand, the district court was instructed to give substantial weight to the hearing

officer's conclusion and to reconsider whether a Free Appropriate Public Education ("FAPE") was denied.  Id.

On March 1, 2017, current counsel appeared on behalf of Plaintiffs.  Howard G., ECF No. 69.  On March 6, 2017, Plaintiffs' prior counsel, Kirstin M. Hamman and Keith H.S. Peck, withdrew as counsel.  Howard G., ECF No. 72.

On January 29, 2018, the district court issued its Order Affirming the Administrative Hearings Officer's December 20, 2012 Decision on One-to-One Services, Finding a Deprivation of FAPE, and Denying without Prejudice Remedy Requested in Plaintiffs' Remand Memorandum.  Howard G., ECF No. 89.  The January 29, 2018 Order affirmed that the student required one-to-one services and found that the denial of such services constituted a denial of FAPE under IDEA.  The district court ordered reimbursement of specific costs, but denied the request for reimbursement of additional fees and costs.  Howard G., ECF No. 89, p.19.

On February 25, 2018, Plaintiffs filed their Motion for Reconsideration and for Award of Attorney's Fees and Costs.  Howard G., ECF No. 90.  The district court denied the motion for reconsideration on February 26, 2018.  Howard G., ECF No. 92.

On February 27, 2018, Plaintiffs filed their Request for Judgment Granting Reimbursement of Private Tuition.  Howard G., ECF No. 93.  After briefing and oral argument, the district court entered its Order Granting Plaintiffs' Motion for Judgment Granting Reimbursement of Private Tuition on May 17, 2018.  Howard G., ECF No. 116.

On May 6, 2019, Plaintiffs filed a Motion Requesting Judgment be Set Out in Separate Document.  Howard G., ECF No. 126.  The district court granted in part and

4

denied in part Plaintiffs' May 6, 2019 motion. Howard G., ECF No. 133. Specifically, the district court directed the Clerk of Court to enter judgment for Plaintiffs, consistent with the May 17, 2018 order, but denied all other requests in Plaintiff's May 6, 2019 motion. Howard G., ECF No. 133. On that same day, the Clerk of Court entered judgment in favor of Plaintiffs. Howard G., ECF No. 134.

On June 6, 2019, Plaintiffs filed their Bill of Costs and Petition for Award of Attorneys' Fees and Costs. Howard G., ECF Nos. 135 & 136. On June 13, 2019, Defendant filed its Objection to Plaintiffs' Bill of Costs. Howard G., ECF No. 137. On July 18, 2019, the Court directed the parties to meet and confer as required by LR54.2(d). In compliance with the Court's direction on July 18, 2019, Plaintiffs' counsel filed a Supplemental LR54.2(c)[1] Declaration of Robert C. Thurston, Esq. on July 23, 2019 stating that counsel had met and conferred on July 23, 2019. Howard G., ECF No. 142. The parties were able to successfully reach some agreement as to the Bill of Costs entries. Plaintiffs originally requested $3,577.93 in costs as the prevailing party in this action. After the parties met and conferred on July 23, 2019, Plaintiffs have agreed to reduce their costs by $17.90. The new total Plaintiffs request is $3,560.03 in costs.

---

[1] LR54.2(c) was the original rule requiring a meet and confer when Plaintiffs' Bill of Costs was filed. Effective September 1, 2019, the Local Rules were amended, and all previous Local Rules were superseded. Since this matter was still pending on September 1, 2019, the amended rules should be applied. LR1.2. Under the amended rules, the meet and confer requirement is now under LR54.2(d). However, Plaintiffs' counsel filed his Supplemental Declaration prior to the amended rules. Thus, his title names the previous rule, LR54.2(c), and not the amended rule, LR54.2(d). Nevertheless, the change in rule number does not significantly affect this case as the parties met and conferred as required.

## DISCUSSION

As the prevailing party, Plaintiffs are entitled to their costs. Defendant does not dispute Plaintiff's status as the prevailing party. A prevailing party is a "party in whose favor judgment is entered." LR54.2(a); San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 741 (9th Cir. 2009) (citation omitted). Prevailing plaintiffs are generally entitled to recover costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP"). Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates "a presumption in favor of awarding costs to a prevailing party." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014) (citing Ass'n of Mexican–American Educ. v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).

The unsuccessful party has the burden of showing why costs should not be awarded. Tibble v. Edison Intern., 520 Fed. Appx. 499, 500 (9th Cir. 2013) (quoting Quan v. Computer Sciences Corp., 623 F.3d 870, 888 (9th Cir. 2010) (FRCP 54(d)(1) "'create[s] a presumption for awarding costs to prevailing parties,' placing the burden on the unsuccessful party to 'show why costs should not be awarded.'"); Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2012 WL 13018941, at *5 (D. Haw. Feb. 28, 2012). Defendant has objected to Plaintiffs' Bill of Costs and thus has the burden of showing why this Court should not award Plaintiffs taxable costs.

6

The trial judge has "wide discretion in awarding costs[,]" but may only tax costs identified in 28 U.S.C. § 1920.  K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir. 1969) (citation omitted).  Section 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  If a district court declines to award costs, it must "specify [the] reasons" for its refusal.  Ass'n of Mexican-Am. Educ. v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000) (citing Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)).  On the other hand, "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  Save Our Alley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).  "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [it is] assume[d] it acted based on that presumption."  Id.

7

Thus, the Court will review all costs to ensure that the requests fall within the ambit of 28 U.S.C. § 1920, while bearing in mind the presumption in favor of awarding costs and Defendant's burden:

A. <u>Fees of the Clerk</u>

Plaintiffs request for $733.00 in fees for the filing of the original Complaint in 2011 (Howard G., ECF No. 1) and the Answer to Defendant's Complaint in 2013 (J.G., ECF No. 9). Defendant does not object to this cost (Howard G., ECF No. 137, p.5) and the fees of the clerk are taxable pursuant to 28 U.S.C. § 1920. Thus, the Court RECOMMENDS that Plaintiffs' request for $733.00 in clerk fees be GRANTED.

B. <u>Transcript Fees</u>

Plaintiffs seek $114.03 for the transcript of the August 11, 2017 hearing (Howard G., ECF No. 81) on Plaintiffs' Motion to Enforce Resolution Agreement, filed on April 28, 2017 ("Motion to Enforce") (Howard G., ECF No. 75). Under 28 U.S.C. § 1920, "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are allowed as taxable costs. Defendant objects stating that the cost was not necessary for the remand matter. Howard G., ECF No. 137, p. 5.

The hearing on the Motion to Enforce was held on August 11, 2017, but according to the Bill of Costs, it appears the transcript was not ordered until January 30, 2018. Howard G., ECF No. 135, p. 4. Plaintiffs' Bill of Costs is largely pro forma and is silent as to why this expense was reasonable and necessary. Howard G., ECF No. 135-2. Nevertheless, Plaintiffs cited and quoted the hearing on the Plaintiffs' Motion to Enforce

8

in their Motion for Reconsideration and for Award of Attorney's Fees and Costs, filed on February 25, 2018 (Howard G., ECF No. 90).

Bearing in mind the presumption in favor of awarding costs, it appears that the transcript was necessarily obtained for use in this case, because Plaintiffs used it to cite to the hearing in their motion for reconsideration. See Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014) (citation omitted) (there is a "presumption in favor of awarding costs to a prevailing party"). Given this fact, Defendant's reasons for denying this cost are not sufficiently persuasive to overcome the presumption. See Fed. R. Civ. P. 54(d)(1); Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2012 WL 13018941, at *5 (D. Haw. Feb. 28, 2012) (the unsuccessful party has the burden of showing why the costs should not be awarded). Accordingly, the Court RECOMMENDS that Plaintiffs' request for $114.03 be GRANTED.

C. Copying Costs

Plaintiffs originally requested $14.60 in copying costs. After the parties' meet and confer, Plaintiffs agreed to reduce its request by $8.00, but requests $6.60 in copying costs. Howard G., ECF No. 142, p. 3. Defendant does not object to the remaining copying costs of $6.60. Howard G., ECF No. 137, p.6. Rule 54.2(f)(4) of the Local Rules sets standard for taxable costs for copies permitted under 28 U.S.C. §1920:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.

9

LR54.1(f)(4).  Plaintiffs sufficiently described this taxable cost through their itemized list.  Howard G., ECF No. 135, p.3.  Based on Plaintiffs' representations, it appears that the copies were necessarily obtained for use in this case and was not made for mere convenience.  Accordingly, the Court RECOMMENDS that Plaintiffs' request for $6.60 be GRANTED.

    D.  Docket Fees

Plaintiffs request $5.00 in docket fees for the "motion on judgment."  Howard G., ECF Nos. 135 & 142.  Defendant objects to this cost because there is no additional information.  Howard G., ECF No. 137, p. 6.  However, 28 U.S.C. § 1920(5) provides that "[d]ocket fees under 1923 of this title" are taxable.  Under 28 U.S.C. § 1923(a), "$5[.00] on motion for judgment and other proceedings on recognizances" are taxable.  The record reflects that on February 27, 2018, Plaintiffs filed a Request for Judgment Granting Reimbursement of Private Tuition.  Howard G., ECF No. 93.  Thus, the Court RECOMMENDS that Plaintiffs' request for $5.00 in docket fees be GRANTED.

    E.  Other Costs

In their Bill of Costs, Plaintiffs categorize some costs into a section labeled "other costs."  Plaintiffs initially requested $2,711.30 in "other costs."  However, after the July 23, 2019 meet and confer, Plaintiffs agreed to reduce their request by $9.90 for the purchase of a flash drive.  Howard G., ECF No. 142, p 3.  Plaintiffs agreed with Defendant that this cost was not taxable.  Id.  Thus, the revised total requested for "other costs" is $2701.40.

10

1. <u>Filing Fee for Appeal of the District Court's February 24, 2014 Decision</u>

Plaintiffs request $505.00 in filing fees for their appeal of the District Court's February 24, 2014 decision. Howard G., ECF No. 37. Defendant does not object to this cost. This fee is taxable under 28 U.S.C. § 1920(1). This Court RECOMMENDS that Plaintiffs' request for $505.00 in filing fees be GRANTED.

2. <u>Costs Related to the 2014 Ninth Circuit Appeal</u>

Plaintiffs request for various costs totaling $418.50 related to the 2014 Ninth Circuit Appeal. Howard G., ECF No. 135, pp. 6-7. The Ninth Circuit's November 3, 2016 decision reversed and remanded the district court's February 24, 2014 decision. Howard G., ECF No. 51. Under Rule 39(a) of the Federal Rules of Appellate Procedure ("FRAP"), Plaintiffs' costs were not taxable in November 2016 because the appellate court reversed and remanded. However, pursuant to FRAP 39(e), Plaintiffs' appeal costs are taxable in the district court. "The following costs on appeal are taxable in district court[:]"

   (1)   the preparation and transmission of the record;
   (2)   the reporter's transcript, if needed to determine the appeal;
   (3)   premiums paid for a bond or other security to preserve rights pending appeal; and
   (4)   the fee for filing the notice of appeal.

Fed. R. App. P. Plaintiffs' original request for $418.50 is as follows:

| Requested Costs | Requested Amount |
|---|---|
| Excerpt of Record | $91.00 |
| Opening Brief | $28.80 |
| Reply Brief | $12.00 |

11

| | |
|---|---:|
| Other | |
|     Supplemental Excerpts of Record | $25.00 |
|     Mailing expenses on 11/16/10 | $10.00 |
|     Scanning of documents on 11/2/14 | $47.40 |
|     Copies and purchase of notebook and covers for binding on 1/5/15 | $90.20 |
|     Scanning of documents on 1/2/15 and purchase of flash drive | $22.92 |
|     Cost of mailing on 1/22/14 | $69.68 |
|     FedEx charges for mailing on 1/5/15 | $21.50 |
| TOTAL | $418.50 |

As stated earlier, Plaintiffs decreased their original request by $9.90 for the January 2, 2015 flash drive purchase. Howard, G., ECF No. 142, p. 3. Defendant does not object to the remaining costs. However, "a request for Bill of Costs is limited to the enumerated items in 28 U.S.C. § 1920" and in this case, the Bill of Costs may also include the costs allowed under FRAP 39(e)(1)-(4). Hodges v. CGI Federal Defense & Intelligence, Civ. No. 12-00420 LEK-BMK, 2015 WL 687008, at *1 (D. Haw. Jan. 28, 2015).

      Plaintiffs' request for the excerpt of record and supplemental excerpt of record are taxable pursuant to FRAP 39(e)(1). The costs for the Opening Brief and Reply Brief are taxable under 28 U.S.C. § 1920(1).

      The mailing expenses on November 16, 2010, January 22, 2014, and January 5, 2015 are not taxable costs. "Costs related to media coverage and postage are not among the taxable costs enumerated in § 1920." Ogden ex rel. Estate of Ogden v. Cty. of Maui, Civ. No. 06-00113 JMS-LEK, 2008 WL 4527970, at *8 (D. Haw. Oct. 9, 2008) (emphasis added). Cf. Doe ex rel. Doe v. Keala, 361 F. Supp. 2d 1171, 1189 (D. Haw. Feb. 11, 2005) ("Reasonable expenses in excess of taxable costs" such as "[o]ut-of-

pocket expenses for long distance telephone calls, messenger service, postage, facsimile, computerized legal research, and travel are ordinarily allowed under Section 1988" but not as taxable costs).

The scanning of documents on November 2, 2014 and January 2, 2015; the copies made on January 5, 2015; and the covers for binding purchased on January 5, 2015 may not be taxed. In order to establish these costs, Plaintiffs had to meet the requirements of LR54.1(f)(4). Plaintiffs have not provided an affidavit with the necessary information. See Walter v. Drayson, Civ. No. 06-00568 SOM-KSC, 2007 WL 2694393, at *5 (D. Haw. Sept. 12, 2007) (electronic scanning and imaging are costs authorized under 28 U.S.C. §§ 1920(3) and 1920(4) but must meet the requirements of LR54.1(f)(4)). Thus, the Court cannot determine whether the copies and scanning were necessarily obtained for use in this case or was made for Plaintiffs' convenience. See Ko Olina Dev., LLC v. Centex Homes, Civ No. 09-00272 DAE-LEK, 2011 WL 1235548, at *16 (D. Haw. Mar. 29, 2011) (the party's request for copying costs had to meet the requirements of LR54.1(f)(4)).

The following is a summary of the costs the Court RECOMMENDS should be approved:

| Requested Costs | Amount |
| --- | --- |
| Excerpt of Record | $91.00 |
| Opening Brief | $28.80 |
| Reply Brief | $12.00 |
| Other | |
|     Supplemental Excerpts of Record | $25.00 |

| | |
|---|---|
| Mailing expenses on 11/16/10 | --- |
| Scanning of documents on 11/2/14 | --- |
| Copies and purchase of notebook and covers for binding on 1/5/15 | --- |
| Scanning of documents on 1/2/15 and purchase of flash drive | --- |
| Cost of mailing on 1/22/14 | --- |
| FedEx charges for mailing on 1/5/15 | --- |
| TOTAL | $156.80 |

### 3. Attorneys' Travel Expenses

Travel expenses are an allowable cost under 42 U.S.C. § 1988, but are not taxable under 28 U.S.C. § 1920. Doe ex rel. Doe v. Keala, 361 F. Supp. 2d 1171, 1189 (D. Haw. Feb. 11, 2005) ("Out-of-pocket expenses for . . . travel are ordinarily allowed under Section 1988," but taxable costs pursuant to 28 U.S.C. § 1920 were precluded because Plaintiffs failed to file a Bill of Costs); Hodges v. CGI Federal Defense & Intelligence, Civ. No. 12-00420 LEK-BMK, 2015 WL 687008 at *1 (D. Haw. Jan. 28, 2015), report and recommendation adopted, Civ. No. 12-00420 LEK-BM, 2015 WL 710184 (D. Haw. Feb. 18, 2015). "[M]eal[,] lodging and travel for attorneys are not reimbursable costs under 28 U.S.C. § 1920." Hodges, 2015 WL 687008, at *2.

Accordingly, the Court RECOMMENDS that Plaintiffs' request for the following costs to be taxed should be DENIED: (1) October 17, 2016 airfare of $247.40 on Hawaiian Airlines to attend the Ninth Circuit oral argument; (2) October 19, 2016 roundtrip cab fare of $50.00 to attend the Ninth Circuit oral argument; (3) March 19, 2017 Hawaiian Airlines airfare of $287.60 to attend settlement conference; (4) March 20, 2017 roundtrip cab fare of $50.00 to attend settlement conference; (5) August 6, 2017

14

Hawaiian Airlines airfare of $302.80 to attend motion hearing; and (6) August 11, 2017 roundtrip cab fare of $50.00 to attend motion hearing.

### 4. Pro Hac Vice Filing Fee

Plaintiffs request $300.00 for pro hac vice filing fees.  However, "§ 1920(1) does not allow for an award of pro hac vice fees as taxable costs."  Suzuki v. Helicopter Consultants of Maui, Inc., Civ. No. 13-00575 JMS-KJM, 2017 WL 2876702, at *3 (D. Haw. Apr. 30, 2017), report and recommendation adopted, Civ. No. 13-00575 JMS-KJM, 2017 WL 2839497 (D. Haw. May 22, 2017) (citing Kalitta Air L.L.C. v. Central Texas Airborne System Inc., 741 F.3d 955, 958 (9th Cir. 2013)).  The Court thus RECOMMENDS that Plaintiffs' request for pro hac vice filing fees be DENIED.

### 5. Filing Fee for Writ of Mandamus

Plaintiffs request a $500.00 filing fee for its Petition for a Writ of Mandamus to the Ninth Circuit Court on February 22, 2018.  FRAP 39(e) lists the costs on appeal that are taxable in the district court.  Filing fees for a petition for a writ of mandamus is not listed.  This Court thus RECOMMENDS that Plaintiffs' request for a $500 filing fee for its Petition for Writ of Mandamus be DENIED.

### C. Summary of Taxable Costs

The Court FINDS that the following costs are taxable:

| Recommended Taxable Costs | Recommended Amount |
|---|---|
| Fees of the Clerk | $733.00 |
| Transcript Fees | $114.03 |
| Copying Costs | $6.60 |
| Docket Fees | $5.00 |

| Other Costs | |
|---|---|
| 2/24/14 Filing Fees for Appeal | $505.00 |
| Excerpt of Record | $91.00 |
| Opening Brief | $28.80 |
| Reply Brief | $12.00 |
| Supplemental Excerpts of Record | $25.00 |
| TOTAL | $1,520.43 |

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that under 28 U.S.C. § 1920, Plaintiffs should be awarded costs in the amount of $1,520.43. The Court further FINDS and RECOMMENDS that out of the $3,560.03 in costs Plaintiffs requested, $2,039.60 should be DENIED as not taxable under 28 U.S.C. § 1920, LR54.1, and FRAP 39.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 27, 2019.



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

___

Civ. No. 11-00523 DKW-RT, Civ. No. 13-00029 DKW-RT (Consolidated Cases); *Howard G., et al. v. State of Hawaii, Department of Education, et al.*; Findings and Recommendations to Grant in Part and Deny in Part State of Hawaii, Department of Education's Objection to Plaintiffs' Bill of Costs