IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOWARD G., INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, JOSHUA G.; AND JOSHUA G.,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　　Defendants.<br>_____<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>J.G., by and through his Parents, H.G. and D.G.,<br><br>　　　　　　Defendants. | CIV. NO. 11-00523 DKW-RT<br>CIV. NO. 13-00029 DKW-RT<br>(CONSOLIDATED CASES)<br><br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS |

**FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART PLAINTIFFS' PETITION
FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Before the Court is Plaintiffs Joshua G. and Denise G.'s, individually and on behalf of their minor child J.G., (collectively "Plaintiffs") Petition for Award of Attorneys' Fees and Costs, filed on June 6, 2019 ("Attorneys' Fees Motion").  ECF No. 136.  This is a consolidated case pursuant to a Stipulation to Consolidating for All

Purposes, filed on August 21, 2013.  ECF No. 32.  Cases Howard G., et al. v. State of Hawaii, Department of Education, et al., Civil No. 11-00523 DKW-RT and State of Hawaii, Department of Education, et al. v. J.G., et al., Civil No. 13-00029 DKW-RT ("J.G.") were consolidated under Civil No. 11-00523.  The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

After careful consideration of the parties' submissions, exhibits, declarations, applicable law, and record established in this action, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART and DENIED IN PART.  Plaintiffs request $216,098.25 in attorneys' fees and $463.49 in costs.[1]  The Court FINDS and RECOMMENDS that Plaintiffs be GRANTED $154,919.80[2] in attorneys' fees and $44.99 in costs.  The Court RECOMMENDS that the remaining $61,178.45 in attorneys' fees and $418.50 in costs be DENIED.

Plaintiffs request additional fees in the amount of $4,360.00 for bringing this Attorneys' Fees Motion.  ECF No. 143.  The Court FINDS and RECOMMENDS that out

---

[1] In the Attorneys' Fees Motion, Plaintiffs request $215,800.28 in legal fees and costs. ECF No. 136-1 at pp. 22 & 23.  However, this total amount is incorrect and appears to be a miscalculation.  Mr. Robert C. Thurston states that his fees are $93,222.50.  ECF No. 136-2 at p. 5.  Mr. Keith H.S. Peck declares fees (including 4.712% tax) in the amount of $85,366.46.  See infra Part II.A. n. 3.  Ms. Kirstin Hamman, Esq. states that her fees are $19,625.00.  ECF Nos. 91 & 136.  Ms. Hamman also requests for fees for photocopying and service totaling $418.50.  ECF No. 91.  Ms. Meredith G. Miller states that Dentons US LLP's, formerly known as Alston Hunt Floyd & Ing ("Dentons"), fees are $17,884.29 (including 4.712% tax) and $44.99 in costs for a total of $17,929.28.  ECF Nos. 136 at p. 6 & 136-5 at p. 7.  Accordingly, Plaintiffs' request is for $216,098.25 in fees and $463.49 in costs.
[2] $147,948.50 in attorneys' fees plus $6,971.33 in GET (4.712% tax).

of the $4,360.00 requested, Plaintiffs be GRANTED $2,261.78 in fees, inclusive of

$101.78 GET (4.712%), and DENIED $2,098.22 in fees.

BACKGROUND

On August 25, 2011, Plaintiffs appealed the Administrative Hearings Officer's

August 3, 2011 administrative decision by filing their Complaint in the district court.

ECF Nos. 1 & 10.  The Administrative Hearings Officer found that Plaintiffs failed to

prove their claims under the Individuals with Disabilities Education Act ("IDEA").  ECF

No. 1.  On June 29, 2012, the district court issued its Order Affirming in Part, Vacating in

Part and Remanding in Part the Decision of the Administrative Hearings Officer

("Remand Order").  ECF No. 27.  The district court remanded and instructed the

Administrative Hearings Officer to address whether one-to-one services were required

given that the district court found that the Individualized Education Program ("IEP") did

not offer one-to-one services, and whether the IEP was substantively adequate.  ECF No.

27, p. 30, ¶ 1.

On remand, the Administrative Hearings Officer's December 20, 2012

administrative decision found that one-to-one services were required, and the IEP was not

substantively adequate.  J.G., ECF No. 7-1, p.11.  The Defendants appealed the

Administrative Hearings Officer's decision by filing its Complaint in the district court on

January 17, 2013.  J.G., ECF No. 1.  On February 24, 2014, the Court reversed the

December 20, 2012 administrative decision.  ECF No. 37.

On March 20, 2014, Plaintiffs filed their Notice of Appeal.  ECF No. 39.  On

November 3, 2016, the Ninth Circuit issued its Memorandum Opinion, which reversed

and remanded the Court's February 24, 2014 decision.  ECF No. 51.  On remand, the

district court was instructed to give substantial weight to the hearing officer's conclusion

and to reconsider whether a Free Appropriate Public Education ("FAPE") was denied.

Id. at p. 3.

On March 1, 2017, Kristin L. Holland, Michelle N. Comeau, and Alston Hunt

Floyd & Ing (currently known as Dentons) appeared on behalf of Plaintiffs.  ECF No. 69.

On March 6, 2017, Kirstin M. Hamman and Keith H.S. Peck withdrew as Plaintiffs'

counsel.  ECF No. 72.

On January 29, 2018, the district court issued its Order Affirming the

Administrative Hearings Officer's December 20, 2012 Decision on One-to-One Services,

Finding a Deprivation of FAPE, and Denying without Prejudice Remedy Requested in

Plaintiffs' Remand Memorandum.  ECF No. 89.  The January 29, 2018 Order affirmed

that the student required one-to-one services and found that the denial of such services

constituted a denial of FAPE under IDEA.  The district court ordered reimbursement of

specific costs, but denied the request for reimbursement of additional fees and costs.

ECF No. 89, p. 19.

On February 25, 2018, Plaintiffs filed their Motion for Reconsideration and for

Award of Attorney's Fees and Costs.  ECF No. 90.  The district court denied the motion

for reconsideration on February 26, 2018.  ECF No. 92.

On February 27, 2018, Plaintiffs filed their Request for Judgment Granting

Reimbursement of Private Tuition ("Request for Judgment").  ECF No. 93.  After

briefing and oral argument, the district court entered its Order Granting Plaintiff's [sic]

Motion for Judgment Granting Reimbursement of Private Tuition on May 17, 2018. ECF No. 116.

On May 6, 2019, Plaintiffs filed a Motion Requesting Judgment be Set Out in Separate Document. ECF No. 126. On May 24, 2019, the district court granted in part and denied in part Plaintiffs' May 6, 2019 motion. ECF No. 133. Specifically, the district court directed the Clerk of Court to enter judgment for Plaintiffs, consistent with the May 17, 2018 order, but denied all other requests in Plaintiffs' May 6, 2019 motion. ECF No. 133. On that same day, the Clerk of Court entered judgment in favor of Plaintiffs. ECF No. 134.

On June 6, 2019, Plaintiffs filed their Bill of Costs and Petition for Award of Attorneys' Fees and Costs. ECF Nos. 135 & 136. In their Attorneys' Fees Motion, Plaintiffs requested $216,098.25 in attorneys' fees and $463.49 in costs. See supra n. 1. On June 16, 2019, Plaintiffs' counsel filed a Declaration of Robert C. Thurston, Esq. Pursuant to LR 54.3(b),[3] stating that despite a meet and confer on June 13, 2019, the parties were unable to agree about the fee award. ECF No. 138. On June 28, 2019, Defendant Department of Education filed its Memorandum in Response to Plaintiffs' Petition for Award of Attorneys' Fees and Costs. ECF No. 139. On July 12, 2019,

_____

[3] LR54.3(b) was the original rule requiring a meet and confer when Plaintiffs' Attorneys' Fees Motion was filed. Effective September 1, 2019, the Local Rules were amended, and all previous Local Rules were superseded. Since this matter was still pending on September 1, 2019, the amended rules should be applied. LR1.2. Under the amended rules, the meet and confer requirement is now under LR54.2(d). However, Plaintiffs' counsel filed his June 16, 2019 declaration prior to the amended rules. Thus, his title names the previous rule, LR54.3(b), and not the amended rule, LR54.2(d). Nevertheless, the change in rule number does not affect this case as the parties met and conferred as required.

Plaintiffs filed their Reply in Support of Their Petition for Award of Attorneys' Fees and Costs.  ECF No. 140.

On August 3, 2019, Plaintiffs filed a Supplemental Declaration of Robert C. Thurston, Esq. in Support of Award for Attorney's Fees and Costs to request for additional $4,360.00 in attorneys' fees incurred as a result of the Attorneys Fees Motion. ECF No. 143.  Thus, Plaintiffs request a total of $220,458.25 in attorneys' fees and costs. Id.  On August 6, 2019, Defendants objected to the additional attorneys' fees requested by filing a Memorandum in Response to Supplemental Declaration of Robert C. Thurston, Esq. in Support of Award for Attorneys' Fees and Costs.  ECF No. 144.

On September 19, 2019, Plaintiffs filed a letter to the Court regarding the recent Ninth Circuit opinion in Roberts v. City and County of Honolulu, 938 F.3d 1020 (9th Cir. 2019).  ECF No. 145.  Plaintiffs point out that in Roberts, the Ninth Circuit held that it is inappropriate to consider past fee awards to determine the prevailing market rate and to ignore submitted affidavits or declarations.  Id.

On October 28, 2019, the Court issued an entering order directing the parties to submit supplemental briefing addressing each of Plaintiffs' requested hourly rates in light of the holding in Roberts.  ECF No. 149.  On November 8, 2019, Plaintiffs filed their Supplemental Brief in Support of their Attorneys' Fees Motion.  ECF No. 150.  On November 25, 2019, Defendants filed their Memorandum in Response to Plaintiffs' Supplemental Brief in Support of their Attorneys' Fees Motion.  ECF No. 151.

The Court will make its findings and recommendations consistent with the standard articulated in Roberts and other relevant precedent.

## DISCUSSION

Under IDEA, a prevailing party is entitled to seek attorneys' fees and costs.  20

U.S. C. § 1415(i)(3)(B)(i)(I).  "In any action or proceeding brought under this section, the

court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a

prevailing party who is the parent of a child with a disability."  Id.  Here, the Defendants

do not contest that the Plaintiffs are the prevailing party, but argue that the amount of

attorneys' fees and costs requested are excessive.

## I.    Entitlement to Attorneys' Fees

A prevailing party under IDEA is a party who "not only achieve[s] some material

alteration of the legal relationship of the parties, but must also be judicially sanctioned."

Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 865

(9th Cir. 2004) (citing Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003)) (internal

quotations omitted).

On January 29, 2018, the district judge issued an Order Affirming the

Administrative Hearings Officer's December 20, 2012 Decision on One-to-One Services,

Finding a Deprivation of FAPE, and Denying Without Prejudice Remedy Requested In

Plaintiffs' Remand Memorandum ("Order").  ECF No. 89.  In the Order, the district

judge affirmed the Administrative Hearings Officer's December 20, 2012 decision

determining that Plaintiffs required one-to-one services.  ECF No. 89.  On May 24, 2019,

the district court directed the Clerk of Court to enter judgment for the Plaintiffs.  ECF No.

133.  The legal relationship of the parties was materially altered because the district court

found in its January 29, 2018 Order that the Defendants' failure to provide the required

one-to-one services was a denial of FAPE and judgment was entered on May 24, 2019.

Accordingly, the Court finds that Plaintiffs are the prevailing parties in this case and are

entitled to their attorneys' fees and costs.

II.    Calculation of Attorneys' Fees

"Once a party is found eligible for fees, the district court must then determine

what fees are reasonable . . . " Klein v. City of Laguna Beach, 810 F.3d 693, 698 (9th

Cir. 2016) (citation omitted).  In IDEA cases, the lodestar method is used to calculate the

prevailing party's reasonable attorneys' fees.  See Aguirre v. L.A. Unified Sch. Dist., 461

F.3d 1114, 1121 (9th Cir. 2006) (applying the lodestar method in Hensley v. Eckerhart,

461 U.S. 424, 433 (1983), to an award of attorneys' fees in IDEA cases).  Under this

method, reasonable attorneys' fees are calculated by multiplying "the number of hours

reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S.

at 433.  The Court may then adjust the lodestar amount based on an evaluation of the

following factors, provided they have not been already subsumed in the lodestar

calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions
> involved, (3) the skill requisite to perform the legal service properly, (4) the
> preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time
> limitations imposed by the client or the circumstances, (8) the amount
> involved and the results obtained, (9) the experience, reputation, and ability
> of the attorneys, (10) the 'undesirability' of the case, (11) the nature and
> length of the professional relationship with the client, and (12) awards in
> similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D.

Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted).  There is a strong

presumption that the lodestar amount calculated is reasonable.  See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); Fischer, 214 F.3d at 1119 n.4.

  A.  Hours Reasonably expended

  Plaintiffs request attorneys' fees in the amount of $216,098.25.  See supra n. 1.  A prevailing party seeking attorneys' fees bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked. Hensley, 461 U.S. at 437; Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  In this case, Plaintiffs have separated their attorneys' fees into four categories: (1) attorney's fees for Keith H.S. Peck in the amount of $85,366.46;[4] (2) attorney's fees for Kirstin Hamman, Esq. in the amount of $19,625.00; (3) attorneys' fees for the firm Dentons U.S. LLP f/k/a Alston Hunt Floyd & Ing ("Dentons") in the amount of $17,884.29;[5] and (4) attorney's fees for Robert C. Thurston, Esq. in the amount of $93,222.50.  The Court shall address each in turn.

_____

[4] There is an error in Mr. Peck's attorneys' fees calculation.  The addition for the hours worked on "Hearing Preparation and Attendance" is wrong.  ECF No. 98 at p. 12. Although the invoice shows that a total of 108.4 hours were spent on "Hearing Preparation and Attendance," the entries add up to 109.2.  Thus, the correct total amount requested for Mr. Peck's attorney's fees is $85,366.46 (a total of 217.4 hours worked (12.9 + 3.7 + 109.2 + 1.9 + 89.7) and GET in the amount of $3,841.46 at the rate of $375.00 per hour).

[5] There is an error in Dentons' attorneys' fees calculation.  The Amended Declaration of Meredith G. Miller states that the total hours billed by Dentons is 66.4 hours for $17,052.00 for work performed.  ECF No. 136-5 at p. 6.  There is a miscalculation in Dentons' chart for the entry dated March 31, 2017: the time worked that day adds up to 1.2 hours and not 1.1 hours as shown.  ECF No. 136-5 at p. 9.  The entries for work performed add up to 66.5 hours for a total of $17,079.50 for work performed.  The total with GET (4.712% tax) added is $17,884.29.

1.    Attorneys' Fees for Keith H.S. Peck, Esq.

Plaintiffs request $85,366.46 in attorneys' fees for 217.4 hours of work performed by Mr. Peck.  ECF No. 98; see supra Part II.A. n. 3.

a.    Excessive Billing

Defendants object to Plaintiffs' requests dated November 14, 2010 (3.2 hours), February 24, 2014 (2.1 hours), and November 12, 2016 (1.9 hours).  "The district court may reduce the amount of requested fees . . . to deduct those hours the court deems excessive . . . [but] must provide an adequate explanation for its fee calculation."  Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Moreno, 534 F.3d at 1112; Hensley, 461 U.S. at 437).  "While a somewhat cursory explanation may be sufficient where the disparity between the requested fees and the district court's award is slight, a more specific articulation of the court's reasoning is expected where the disparity is greater."  Ryan, 786 F.3d at 763 (citing Moreno, 534 F.3d at 1111).  On November 14, 2010, Mr. Peck billed 3.2 hours for "Reviewed prior cases for Student."  ECF No. 98 at p. 12.  Defendants point out that Mr. Peck represented the Student in two earlier administrative cases.  Because of this, Defendants argue that the 3.2 hours Mr. Peck billed to review these cases are excessive.  The Court agrees and recommends that Defendants' request to reduce the hours billed on November 14, 2010 by 2.2 hours be granted.

On February 24, 2014, Mr. Peck billed 2.1 hours to "Review[ ] Order Reversing Administrative Hearing Officer."  ECF No. 98 at p. 15.  Defendants argue that the amount billed is excessive and request a reduction of 1.1 hours.  Indeed, the Order

Reversing the Administrative Hearings Officer's December 20, 2012 Decision is 15

pages long and does not require 2.1 hours to review.  ECF NO. 37.  The Court agrees

with Defendants but recommends that the hours billed on February 24, 2014 be reduced

to 1.0 hour.

On November 12, 2016, Mr. Peck billed 1.9 hours for invoicing.  ECF No. 98 at p.

13.  Defendants argue that this amount should be reduced by 1.4 hours.  Defendants argue

that 1.9 hours for invoicing is excessive because Mr. Peck's services should have been

accounted for contemporaneously as services are provided.  The Court finds that the

hours billed on November 12, 2016 are excessive and accordingly reduces the hours

billed on November 12, 2016 to 0.5 hours.

In addition, the Court finds the 2.7 hours billed on May 25, 2011 for "Reviewed

and clarified notes taken at hearing" excessive.  ECF No. 98 at p. 13.  Mr. Peck billed 3.0

hours for the hearing on that same day and is requesting for an additional 2.7 for the

preparation of his notes.  The Court finds it unreasonable that reviewing and clarifying

notes taken at the hearing would take almost as long as the hearing, especially since the

task occurred on the same day of the hearing.  Accordingly, the Court finds that the

request should be reduced from 2.7 hours to 1.5 hours.

### b.    Total Hours Awarded for Mr. Peck's Fees

Pursuant to the foregoing, the Court reduces Mr. Peck's fees by 5.9 hours.[6]  The

total hours requested for Mr. Peck's fees is 217.4 hours.  After reducing the total hours by

---

[6] As explained in Part II.A.1.a., the November 14, 2010 entry is reduced by 2.2 hours; the
February 24, 2014 entry is reduced by 1.1 hours; the November 12, 2016 entry is reduced
by 1.4 hours, and the May 25, 2011 entry is reduced by 1.2 hours.

5.9 hours, the total amount of reasonable hours for work performed by Mr. Peck is 211.5

hours.

2.    Attorneys' Fees for Kirstin Hamman, Esq.

Plaintiffs request attorney's fees in the amount of $19,625.00 for 82.1 hours of

work performed by Kirstin Hamman, Esq.  ECF No. 91.

a.    Block Billing

Defendants argue that Ms. Hamman's attorney's fees on April 21, 2014, May 9,

2014, December 19, 2014, October 18, 2016, and November 4, 2016[7] are block billed

and should be reduced.  "The district court may reduce the amount of requested fees . . .

to account for block billing . . . as long as it provides an adequate explanation for its fee

calculation."  Cook Productions, LLC v. Stewart, Civ. No. 17-00034 ACK-RLP, 2017

WL 4797513 at *6 (D. Haw. Oct. 24, 2017) (citing Ryan v. Editions Ltd. West, Inc., 786

F.3d 754, 763 (9th Cir. 2015)).  It is reasonable for the district court to conclude that the

fee applicant failed to carry the burden of documenting the appropriate hours when the

hours are block billed.  Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir.

2007) (citations omitted).  "[B]lock billing makes it more difficult to determine how

much time was spent on particular activities."  Id.

The Court agrees with Defendants that the entries are block billed and reduces

these block billed entries by 15%.  See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1100

---

[7] There is an error in Defendants' objection.  ECF No. 139 at p. 25.  On p. 25 of the
Defendants' Response, it appears that Defendants meant to refer to Ms. Hamman's
November 4, 2016 entry and not the October 18, 2016 entry.  The description of the entry
and the requested hours described on p. 25 matches the November 4, 2016 entry and not
the October 18, 2016 entry.

(D. Haw. 2010) (15% across-the-board reduction was appropriate for block billing).  The

reasonable hours approved by the Court are summarized below:

| Date | Description | Requested Hours | Requested Reduction | Reasonable Hours |
|---|---|---|---|---|
| 04/21/14 | Legal research: Record review and Legal research-review pleadings in case and analyze appeal issues.  Legal research of of [sic] IDEA caselaw. | 5.0 | 1.0 | 4.3 |
| 05/09/14 | Interviews & conf.: Prep for hearing; mediation conference | 2.0 | 0.5 | 1.7 |
| 12/19/14 | Prep. Briefs: Prep and research; Reply Brief | 4.5 | 1.5 | 3.9 |
| 10/18/16 | Legal research: Prep for hearing; research. | 4.0 | 2.0 | 3.4 |
| 11/04/16 | Legal research: Review of opinion – research post judgement [sic] procedures | 3.0 | 1.0 | 2.6 |

Defendants also argue that reductions are warranted for the December 19, 2014 and

October 18, 2016 entries because the work performed on legal research is billed, but the

type of legal research performed is not specified.  The Court agrees that the entries lack

explanation, but finds that the 15% reduction appropriately resolves this issue.[8]  Further,

the reductions Defendants recommend appear to be arbitrary because the percentage

reduction varies from entry to entry without explanation.  Accordingly, the Court reduces

these entries by 15% or a total of 2.6 hours.

b.  <u>Excessive Billing</u>

Defendants object to the entries dated May 16, 2014, November 19, 2014, May 7,

2016, May 12, 2016, and October 19, 2016 by arguing that a portion and/or all of the

hours are excessive.

---

[8] The hours reduced by 15% have been rounded to the nearest tenth.

| Date | Description | Requested Hours | Requested Reduction | Reasonable Hours |
|---|---|---|---|---|
| 05/16/14 | Interviews & conf.: Telephone call re: case-responding to q [sic] | 1.0 | 1.0 | 0.0 |
| 11/19/14 | Interviews& and [sic] conf.: Appeal; meet with clients-to answer questions and discuss procedure | 3.0 | 2.0 | 2.0 |
| 05/07/16 | Legal research re: delay of court | 1.0 | 1.0 | 0.2 |
| 05/12/16 | Other: Letter to court re: Notice of Delay | 0.5 | 0.5 | 0.5 |
| 10/19/16 | Court appearance; 9th circuit oral arguments in Hnl | 8.0 | 2.0 | 6.0 |

The description of the May 16, 2014 entry has been cut off.  ECF No. 91 at p. 5.  It appears that the same error occurred with the entries for May 9, 2014, May 12, 2014, September 12, 2014 and November 6, 2014.  Defendants argue that the May 16, 2014 entry should be reduced in its entirety because the invoice does not identify with whom Ms. Hamman had the telephone call.  The Court agrees.  The lack of description makes it difficult for the Court to determine the reasonableness of the hours expended.  Accordingly, 1.0 hour is reduced from the May 16, 2014 entry.[9]

Defendants object to the November 19, 2014 entry because Ms. Hamman has previously billed 6.5 hours for conferring with Plaintiffs on April 23, 2014 (1.5 hours), May 7, 2014 (2.0 hours), May 12, 2014 (1.0 hour); and September 12, 2014 (2.0 hours).  The Court agrees that another 3.0 hours to meet with clients on November 19, 2014 regarding appeal issues is excessive, but finds that a reduction of 1.0 hour is reasonable given that it appears Ms. Hamman was in the middle of drafting the opening brief.

---

[9] The remaining entries that were cut off will not be reduced for lack of description because the description shown sufficiently describes the work performed.

Defendants object to the May 7, 2016 and May 12, 2016 entries related to an alleged delay by the Ninth Circuit to schedule oral arguments. The Court agrees that 1.0 hour to research the alleged delay on May 7, 2016 is excessive, but finds that 0.2 hours is reasonable for time spent researching and reviewing the Ninth Circuit rules and procedures. The Court also finds that 0.5 hour to draft a letter to the Court regarding the delay is reasonable.

Defendants also object to the October 19, 2016 entry for Ms. Hamman's court appearance before the Ninth Circuit. Defendants explain that the hearing was completed before 12:00 p.m. Because there is no further explanation regarding the hours billed, for example whether some of these hours included commute time or meeting with the client, the Court finds that 8.0 hours is excessive and reduces these hours by 2.0 hours.

The total fees reduced from the entries listed above in this section are 4.8 hours.

### c.    Clerical or Ministerial Tasks

Defendants object to the October 18, 2016 entry for services billed at $100.00 per hour for 6.0 hours of preparing copies of binders for the oral hearing. The Court agrees that this task is clerical. Plaintiffs have not provided any explanation regarding the reduced hourly billing rate or reason why the Court should find these fees reasonable. "Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." H. v. Dep't of Educ., Civ No. 14-00143 ACK-KSC, 2016 WL 4522177 (D. Haw. Aug. 29, 2016) (citations omitted). "Thus, when clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for billing

15

errors." Id. (citations omitted) (internal quotations omitted).  Accordingly, the Court

reduces this entry by 6.0 hours.

d.    Total Hours Awarded for Ms. Hamman's Fees

Based on the foregoing, the Court reduces Ms. Hamman's fees by a total of 13.4

hours.  The Court finds that 68.7 hours are reasonable out of the 82.1 hours of work

performed by Ms. Hamman.

3.    Attorneys' Fees for Dentons

Plaintiffs request attorneys' fees in the amount of $17,884.29 for 66.5 hours of

work performed by Dentons' attorneys Michelle Comeau, Kristin Holland, and Meredith

Miller, and paralegal Iris K. Takane.  ECF No. 136; see supra Part II.A. n.4.

a.    Excessive Billing

Defendants object to Plaintiffs fee request for work performed on March 31, 2017

and September 6, 2018.  Defendants claim that these fees are excessive because they are

work performed for other cases.  Defendants allege that the March 31, 2017 fees

regarding an "email to F. Whittenburg re service of due process complaint" (ECF No.

136-5 at p. 9) is for work performed in Civ. No. 17-00503 DKW-KSC (ECF No. 139 at p.

26).  In Civ. No. 17-00503 DKW-KSC, there is a defendant named Francoise

Whittenburg.  The Court agrees with Defendants and reduces the March 31, 2017 request

by 0.3 hours.

Defendants also allege that the work performed on September 6, 2018 is for

another matter – a class action case.  Indeed, the descriptions for work performed on

16

September 6, 2018 do not relate to this case.  Accordingly, the Court reduces the

September 6, 2018 fees by 1.2 hours.

| Date | Description | Requested Hours | Requested Reduction | Reasonable Hours |
|---|---|---|---|---|
| 03/31/17 | work on letter re recent IEP (.7); emails to and from K. Kuwabe re same (.2); email to F. Whittenburg re service of due process complaint (.3) | 1.2 | 0.3 | 0.9 |
| 09/06/18 | Emails to and from J. Duffy (.2), set deadlines for submission of disbursement requests for Settlement Administrator and Services Coordinator reimbursements (.3), and develop Class Counsel recommendation and approval form for those and other administrative disbursements (.7) | 1.2 | 1.2 | 0.0 |

Defendants object to work related to Plaintiffs' Motion to Enforce Resolution

Agreement ("Motion to Enforce") (ECF No. 75), Motion to Strike (ECF No. 111), and

Declaration of Rose Magbual (ECF No. 118) filed in relation to Plaintiffs' Request for

Judgment Granting Reimbursement of Private Tuition (ECF No. 93).  Defendants argue

that work related these motions and declaration was not necessary and requests reduction

of the total time for these entries.  Defendants' arguments are conclusory and are not

support by any legal authority.

The Court does not find Defendants' arguments persuasive.  "A party does not

need to prevail on every motion in the course of a case in order to obtain attorneys' fees.

The work, however, must be associated with the relief requested and be reasonably

necessary to achieve the results obtained."  Brandon E. v. Dep't. of Educ., State of

<u>Hawaii</u>, Civ. No. 07-00536 ACK-LEK, 2008 WL 4602533 at *8 (D. Haw. Oct. 16, 2008).

Plaintiffs seek attorneys' fees for work performed on the Motion to Enforce between April 28, 2017 through August 11, 2017 and on January 30, 2018.  Plaintiff's Motion to Enforce arose from a resolution session between Plaintiffs and Defendants.  Plaintiffs sought to enforce discussions had during the December 2, 2010 resolution session.   ECF No. 75 at p. 2.  In the Motion to Enforce, Plaintiffs argued that a two-page Resolution Session Summary, Defendants' part performance of the agreement in the form of monthly payments, and a Declaration was evidence that there was an enforceable agreement.  <u>Id.</u> at pp. 3-5.  The Motion to Enforce was denied on October 26, 2017.  ECF No. 82.  However, the Motion to Enforce was consistent with the relief sought in this case and was part of Plaintiffs' efforts toward achieving resolution of this case.  As such, the Court finds that the Motion to Enforce was reasonably necessary to achieve relief sought.  The Court finds that reductions to work performed between April 28, 2017 through August 11, 2017 and on January 30, 2018 is not appropriate.

Similarly, Defendants object to 0.4 hours of work performed on Plaintiffs' Motion to Strike (ECF No. 111), filed on March 21, 2018.  Defendants again make the conclusory argument that the work was unnecessary.  The Motion to Strike sought to strike portions of Defendants' opposition (ECF No. 108) to Plaintiffs' Request for Judgment (ECF No. 93).  As stated earlier, the fact that Plaintiffs did not prevail on the Motion to Strike is not persuasive.  Thus, the Court cannot find that the Motion to Strike

was not reasonably necessary to achieve the results obtained. As such, the Court declines to make reductions.

Defendants also object to fees related to the Declaration of Rose Magbual. ECF No. 118. Defendants asks the Court to deny the fees requested for August 8, 2018, August 13, 2018, and May 14, 2019 related to the Declaration of Rose Magbual, Defendants' response to the Declaration, and Plaintiffs' motion seeking interest. As stated earlier, the Declaration of Rose Magbual was filed in relation to Plaintiffs' Request for Judgment (ECF No. 93). As such, the Court declines to make reductions.

Defendants argue that Plaintiffs' June 22, 2018 (3.4 hours) and February 11, 2019 (0.6 hours) fee request for work performed on attorneys' fees and costs is excessive. Defendants point out that Plaintiffs previously billed a total of 9.3 hours for work performed on preparing their attorneys' fees and costs on June 18, 2018 (1.1 hours), June 20, 2018 (2.0 and 2.9 hours), and June 21, 2018 (3.3 hours). Defendants argue that it is unreasonable to request an additional 3.4 hours for June 22, 2018 and 0.6 hours for February 11, 2019 and request for a reduction of 1.4 hours from June 22, 2018 and 0.6 hours from February 11, 2019. The Court agrees and reduces Plaintiffs' June 22, 2018 fee request by 1.4 hours and February 11, 2019 fee request by 0.6 hours.

Defendants object to Plaintiffs' May 1, 2019 request for 0.1 hour to "[c]onfer regarding status of case and client's wish to file mandamus in 9th Circuit" as unnecessary. Defendants do not provide any further argument or explanation. The Court declines to reduce the May 1, 2019 request for fees.

b.    Block Billing

Defendants allege that the entries dated October 10, 2017, June 20, 2018, June 21, 2018, and September 20, 2018 are block billed and should be reduced.  The Court agrees that the entry dated June 20, 2018, the two entries dated June 21, 2018, and the entry dated September 20, 2018 are block billed.  The Court finds that a 15% reduction is appropriate[10] and reduces the requested fees as shown in the chart below.  See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (15% across-the-board reduction was appropriate for block billing).  As such, the block billed entries are reduced by a total

| Date | Description | Requested Hours | Requested Reduction | Reasonable Hours |
|------|-------------|-----------------|---------------------|------------------|
| 10/10/17 | meet with M. Comeau for case briefing and teleconference with H. and D. Greenberg and R. Thurston re next steps on remand | 1.0 | 0.2 | 1.0 |
| 06/20/18 | begin preparing itemization of costs; declaration of M. Miller; revise fee chart | 2.9 | 0.5 | 2.5 |
| 06/21/18 | continue preparing itemization of costs; continue revising declaration of M. Miller; revise fee charts; prepare exhibits; prepare additional declaration re costs; create additional itemization of costs re taxable costs; recalculate | 3.3 | 0.5 | 2.9 |
| 06/21/18 | Confer with K. Holland and I. Takane re deadlines for fees and costs motions and research federal and local rules re same | 1.5 | 0.5 | 1.3 |
| 09/20/18 | Confer regarding strategy to achieve entry of final judgment and exchange emails with client regarding same | 1.0 | 0.4 | 0.9 |

of 1.1 hours.

---

[10] The hours reduced by 15% have been rounded to the nearest tenth.

c.    Double Billing

Defendants object to Plaintiffs' billings on March 5, 2018, September 20, 2018,

and May 2, 2019 by arguing that these entries are double billed.  "The general rule is that

two professionals cannot bill for attending the same meeting."  OneWest Bank, FSB v.

Farrar, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326590, at *1 (D. Haw. Mar. 10,

2014), report and recommendation adopted as modified, Civ. No. 12-00108 ACK-KSC,

2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing Brandon E. v. Dep't of Educ., State

of Hawaii, Civ. No. 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16,

2008)).  The Court will deduct the duplicative time billed from the lowest billing

attorney.  Id.  The chart below lists the entries Defendants object to as well as the

corresponding entries that Defendants claim are duplicative.  The Court agrees that the

| Date | Description | Requested Hours | Requested Reduction | Reasonable Hours |
|------|-------------|-----------------|---------------------|------------------|
| 03/05/18 | teleconference with K. Holland and R. Thurston re April 5 hearing and case posture | 0.5 | 0.5 | 0.0 |
| 03/05/18 | Call with R. Thurston regarding case and briefing issues | 0.5 | --- | --- |
| 09/20/18 | Confer regarding strategy to achieve entry of final judgment and exchange emails with client regarding same | 1.0 | 0.4 | 1.0 |
| 09/20/18 | Review email related to case progress (.1); call with M. Miller regarding same (.1); review internal emails related to strategy (.2) | 0.4 | --- | --- |
| 05/02/19 | Confer with K. Holland regarding strategy for entry of judgment | 0.5 | 0.5 | 0.0 |
| 05/02/19 | Confer with M. Miller regarding motion for judgment (.1); email to R. Thurston regarding motion for entry of judgment (.1) | 0.2 | --- | ---- |

work performed on March 5, 2018 and May 2, 2019 are duplicative and accordingly

reduces the entire requested amounts for the lowest billing attorney.  However, the Court

does not find that the entries dated September 20, 2018 are duplicative and thus declines

to reduce the hours for that date.

d.    Clerical or Ministerial Tasks

Defendants argue that Plaintiffs' billing for June 21, 2018 (1.2 hours) and a

portion of the billing for August 3, 2018 (0.1) are ministerial.  The June 21, 2018 entry is

for "proofread[ing] and organiz[ing] exhibits to attorneys' fees motion and bill of costs."

ECF No. 136-5 at p. 11.  Preparing documents for filing with the court and the

identification and organization of exhibits are ministerial tasks and are noncompensable.

OneWest Bank, FSB, 2014 WL 1326590, at *1.  The August 3, 2018 entry at issue bills

for "prepar[ing] for and plac[ing] telephone call [sic] USDC Clerk's Office to request

entry of final judgment."  ECF No. 136-5 at p. 12.  Communicating with Court staff is a

ministerial task.  OneWest Bank, FSB, 2014 WL 1326590, at *1.  The Court thus reduces

the June 21, 2018 billing by 1.2 hours and the August 3, 2018 billing by 0.1 hours.

e.    Total Hours Awarded for Dentons' Fees

As explained above, the Court reduces Dentons' fees by a total of 6.9 hours.

Accordingly, the Court finds that the total amount of reasonable fees for work performed

by Dentons' attorneys is 59.6 hours: Ms. Michelle Comeau (16.5 hours); Ms. Kristin

Holland (6.7 hours); Ms. Meredith Miller (25.3 hours); Ms. Iris K. Takane (11.1 hours).

4.    Attorneys' Fees for Robert C. Thurston, Esq.

Plaintiffs request attorney's fees in the amount of $93,222.50 for 246.5 hours of

work performed by Robert C. Thurston, Esq.  ECF No. 136.

a.    Excessive Billing

Defendants object to hours billed on March 23, 2017 and March 24, 2017.

Defendants argue that these entries are excessive because the work performed is for

another case.  Based on the descriptions provided by Plaintiffs, the Court agrees with

Defendants and reduces the following entries by 0.6 hours:

| Date | Description | Requested Hours | Requested Reduction | Reasonable Hours |
|---|---|---|---|---|
| 03/23/17 | Receive and review email from client re new IEP changing placement back to public school despite protest and seeking legal advice on how to respond; | 0.2 | 0.2 | 0.0 |
| 03/24/17 | Email to client re legal advice on new claim involving new IEP changing placement back to public school; | 0.2 | 0.2 | 0.0 |
| 03/24/17 | Email to local counsel re new case for JG on new IEP; | 0.1 | 0.1 | 0.0 |
| 03/24/17 | Receive and review email from client seeking to retain for new case with new IEP for JG | 0.1 | 0.1 | 0.0 |

Defendants also object to work performed on the Motion to Enforce, Petition for

Writ of Mandamus ("Writ of Mandamus") (ECF No. 103-1), Motion to Strike,

Declaration of Rose Magbual, and Motion for Reconsideration and for Award of

Attorney's Fees and Costs ("Motion for Reconsideration") (ECF No. 90).

The Court previously found that the Motion to Enforce, Motion to Strike, and

Declaration of Rose Magbual were reasonably necessary to achieve the relief sought in

this case.  See supra Part II.A.3.a.  As such, the Court denies any request to make

reductions to work performed on these tasks.  The Court finds that all work performed on

these tasks are reasonable unless reduced based on other reasons.

Defendants state that the Writ of Mandamus was not necessary, but provide no

legal authority or argument in support.  Thus, the Court is not persuaded.  The Writ of

Mandamus is in alignment with the relief Plaintiffs sought by bringing this litigation and

is reasonably necessary to achieve the results obtained.  Accordingly, the Court also

declines to make reductions for work performed on the Writ of Mandamus.

However, the Court finds that work performed on the Motion for Reconsideration

is excessive.  As stated before, while a party need not prevail on every motion in order to

obtain attorneys' fees, the work performed must be reasonably necessary to achieve the

results obtained.  Brandon E. v. Dep't. of Educ., State of Hawaii, Civ. No. 07-00536

ACK-LEK, 2008 WL 4602533 at *8 (D. Haw. Oct. 16, 2008).  Here, the Motion for

Reconsideration was denied on a procedural issue.  The Court had not entered judgment

and thus, reconsideration was not available.[11]  ECF No. 92.  Accordingly, the Court finds

that work performed on the Motion for Reconsideration should be reduced by 33.2 hours

as follows:

- February 1, 2018 (2.2 hours) should be reduced by 1.2 hours as requested by
  Defendants.

- February 1, 2018 (1.1 hours) should be reduced by 1.1 hours.

---

[11] Plaintiffs' request for attorneys' fees was also not necessary.  Although the District
Court referred the portion of the Motion for Reconsideration seeking an award of
attorneys' fees and costs to the Magistrate Judge (ECF No. 92), the Magistrate Judge
declined review of Plaintiffs' request for attorneys' fees until the conclusion of the action.
ECF No. 105

- February 9, 2018 (4.8 hours) is block billed, making it difficult to determine what portion of the time billed was spent on the Motion for Reconsideration versus attorneys' fees. The Court reduces the 4.8 hours billed by 15% or 0.7 hours for the block billed time. Further, the Court reduces the hours worked by 2.0 hours for time spent drafting the Motion for Reconsideration.

- February 11, 2018 (4.7 hours) should be reduced by 4.7 hours.

- February 12, 2018 (6.9 hours) is block billed, but all entries appear to relate to the drafting of the Motion for Reconsideration. As such, the Court reduces the hours worked by 6.9 hours.

- February 19, 2018 (4.3 hours) should be reduced by 4.3 hours.

- February 20, 2018 (3.7 hours) and February 21, 2018 (2.9 hours) for work performed on the attorneys' fees and costs portion of the Motion for Reconsideration should not be reduced. The work performed here provides the foundation for the current motion for attorneys' fees and costs.

- February 22, 2018 (1.5 hours) is block billed and should be reduced by 15% or 0.2 hours for the block billed time. The Court further reduces the hours worked by 0.5 for time spent discussing the Motion for Reconsideration with clients.

- February 22, 2018 (4.9 hours) should be reduced by 4.9 hours.

- February 23, 2018 (3.6 hours) is block billed and should be reduced by 15% or 0.5 hours. The work performed appears to be about the attorney's fees and costs portion of the Motion for Reconsideration. As such, the Court declines to make further reductions to the hours billed.

- February 24, 2018 (3.3 hours) should be reduced by 3.3 hours.

- February 25, 2018 (0.1 hours) should be reduced by 0.1 hours.

- February 25, 2018 (2.8 hours) should be reduced by 2.8 hours. In addition to reducing these hours for work on the Motion for Reconsideration, the Court notes that this entry includes the clerical task of preparing the document for filing, which is noncompensable.

In addition, Defendants object to the amount of time Plaintiffs claim for work

performed on the current Attorneys' Fees Motion. Defendants point out that a total of

13.1 hours were billed preparing fees and declarations for the fee request in the Motion for Reconsideration: on February 19, 2018, 0.8 hours, 0.9, and 1.2 hours were billed; on February 20, 2018, 3.7 hours were billed; on February 21, 2018, 2.9 hours were billed; and on February 23, 2018, 3.6 hours were billed.  ECF No. 139 at pp. 44-45.  Defendants point out that on the current Attorneys' Fees Motion, Plaintiffs claim fees for a total of 23.4 hours in addition to the 13.1 hours billed in 2018: May 29, 2019 for 1.2 hours; May 30, 2019 for 1.2 hours and 1.7 hours; June 3, 2019 for 7.1 hours; June 4, 2019 for 7.8 hours; and June 5, 2019 for 4.4 hours.  Defendants object to the June entries and request a reduction of 15.0 hours.  The Court finds that 36.5 hours spent on the current Attorneys' Fees Motion to be excessive given the 13.1 hours billed in 2018 and thus reduces this amount by 15.0 hours.  As such, the Court reduces Plaintiffs' requested hours by a total of 48.8 hours.

### b.    Block Billing

The Court finds that the following entries are block billed:  March 7, 2017 (5.2 hours); March 8, 2017 (0.9 hours); November 4, 2017 (1.2 hours); November 10, 2017 (0.4 hours); November 13, 2017 (0.6 hours); November 15, 2017 (0.6 hours); February 19, 2018 (0.8 hours); February 19, 2018 (0.9 hours); February 19, 2018 (1.2 hours); February 27, 2018 (4.6 hours); March 1, 2018 (1.9 hours); March 20, 2018 (5.2 hours); March 21, 2018 (4.9 hours); May 18, 2018 (1.6 hours); February 10, 2019 (0.8 hours); June 3, 2019 (7.1 hours); June 4, 2019 (7.8 hours); and June 5, 2019 (4.4 hours).  The entries for November 15, 2017, March 1, 2018, and June 5, 2019 include ministerial tasks which are noncompensable.  However, because these entries are block billed, it is

difficult for the Court to determine the reasonableness of the hours expended.  The Court

finds that a 0.6 reduction for November 15, 2017, March 1, 2018 and June 5, 2019 is

appropriate to account for the ministerial tasks billed.  After subtracting the 0.6 reduction,

the total hours block billed are 49.5 hours.  The Court reduces these hours by 15% or 7.4

hours to account for the block billed entries.

c.      Double Billing

Defendants point out that there are duplicate entries for March 1, 2017 and request

that the Court reduce the fees accordingly.[12]  The Court agrees that there are three entries

for March 1, 2017 that are duplicated three times throughout Mr. Thurston's invoice.  All

duplicate entries should be reduced in entirety.  The Court thus reduces these entries by a

total amount of 0.8 hours as follows:[13]

| Date | Description | Requested Hours | Requested Reduction | Reasonable Hours |
|---|---|---|---|---|
| 03/01/17 | Receive and review email from local counsel re settlement conference scheduling; | 0.3 | 0.2 | 0.2 |
| 03/01/17 | Receive and review Notice of Appearance via email from local counsel; | 0.3 | 0.2 | 0.2 |
| 03/01/17 | Receive and review email from local counsel with amended pro hac vice application and telephone call re same; | 0.6 | 0.4 | 0.4 |

---

[12] The three entries for March 1, 2017 appear on pages 19, 24, and 27 of Mr. Thurston's invoices.  ECF No. 136-2 at pp. 19, 24 & 27.

[13] The requested hours are multiplied by three to reflect the three times that these three entries appear in Mr. Thurston's invoice.  Defendants request that two out of the three duplicate entries be reduced.  Thus, the requested reduction is multiplied by two.

On March 13, 2018, there are two entries that both bill for "Receive and review Executive Order" regarding appearance by phone. ECF No. 136-2 at p. 43. Defendants request a reduction of 0.1 for these duplicate entries. The Court agrees and reduces the March 13, 2018 entries by 0.1 hours.

### d.    Clerical or Ministerial Tasks

Defendants object to the following entries by claiming that the tasks billed are clerical or ministerial: March 7, 2017 (0.2 hours); March 1, 2018 (0.3 hours); March 27, 2018 (0.1 hours); February 12, 2019 (0.1 hours). The tasks performed on these days include preparation for filing, review hearing dates, and communication with the Courtroom Manager. The Court further finds that the following entries are clerical or ministerial: April 28, 2017 (0.1 hours); May 5, 2017 (0.1 hours); May 12, 2017 (0.1 hours); February 12, 2019 (0.1 hours); and June 5, 2019 (4.4 hours). [14] The tasks performed on these days include service, scheduling/calendaring, reviewing notices from the Court, and preparing documents for filing. Accordingly, the Court finds that a total reduction of 0.6 hours for these clerical or ministerial tasks should be made.

### e.    Total Hours Awarded for Mr. Thurston's Fees

As stated above, the Court reduces Mr. Thurston's fees by a total of 58.9 hours. As such, the total amount of reasonable fees for work performed by Mr. Thurston is 187.6 hours.

---

[14] On June 5, 2019, only a portion of the work performed was clerical ("prepare for filing and service"). It is appropriate to reduce the 4.4 hours on June 5, 2019 by 0.2 hours to account for the clerical work billed.

B.    Reasonable Hourly Rate

The Court next turns to Plaintiffs' requested hourly rates.  Plaintiffs request the

following rates, hours, and amounts for the work performed by its counsel and paralegal

in this case:

| Attorney/Paralegal | Requested Rate |
|---|---|
| Robert C. Thurston | $375.00/ $400.00 |
| Keith H.S. Peck | $375.00 |
| Kirstin Hamman | $250.00 |
| Michelle N. Comeau | $275.00 |
| Kristin L. Holland | $415.00 |
| Meredith G. Miller | $250.00 |
| Iris K. Takane (Paralegal) | $160.00 |

The Court must determine whether the hourly rates requested are reasonable.  When

determining reasonableness, the Court considers the prevailing market rate in the relevant

community for similar work performed by attorneys of comparable skill, experience, and

reputation.  Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing

Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)); Webb v. Ada County, 285 F.3d

829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-

11 (9th Cir. 1986).  The relevant community is the forum in which the district court sits.

Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." Sam K. ex rel. Diane C. v. Hawaii Dep't of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citation omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

"However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate." Camacho, 523 F.3d at 980. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing Camacho, 523 F.3d at 980) (internal quotations omitted).

In this case, Plaintiffs argue that the relevant community should be the Ninth Circuit or national community. "[R]ates, other than those of the forum, may be employed if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle

properly the case." In re Hawaiian Airlines, Inc., No. 06-90026, 2008 WL 185649, at *4

(Bkrtcy. D. Haw. Jan. 22, 2008) (citing Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th

Cir. 1992)); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citing

Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)) (emphasis added).

> There is an important exception to the "forum rule" . . . In order to employ
> the exception, the party seeking fees need not prove an unsuccessful search
> for local counsel.  "The Failure to solicit local counsel is not necessarily fatal
> to proving unavailability.  In establishing unavailability, Gates allows proof
> of either unwillingness or inability due to lack of experience, expertise, or
> specialization.  There is no requirement that plaintiffs prove both."

In re Hawaiian Airlines, Inc., 2008 WL 185649, at *4 (citing Barjon v. Dalton, 132 F.3d

496, 501-02 (9th Cir. 1997)) (emphasis added).  Here, Plaintiffs argue that specialized

knowledge and expertise is required to handle special education cases, but fail to explain

why or how in this case, local counsel in this district were either unavailable or unable to

perform.  Plaintiffs do not provide proof how this generalized claim that special

education cases require specialized knowledge precludes this Court from treating Hawaii

as the relevant community.  This Court is knowledgeable of local counsel that practice in

this specialized area.  Sam K. Ex rel. Diane C. is an IDEA case litigated in this forum,

Hawaii.  Sam K. ex rel. Diane C., 2013 WL 3071317, at *4.  In Sam K. Ex rel. Diane C.,

the Court awarded reasonable attorneys' fees based on its finding that this district is the

relevant community when determining the prevailing rate.

In order to avail themselves to the exception to the forum rule, Plaintiffs are not

required to prove an unsuccessful search, but are required to provide some sort of proof

that local counsel was either unavailable or unable to perform in this case.  Id.  The Court

finds that Plaintiffs have not met their burden as the Court cannot find that local counsel

was unavailable or unable to perform based on the information provided by Plaintiffs.

Thus, the forum rule exception does not apply, and Hawaii is the relevant community.

Roberts, 938 F.3d at 1023 (citing Kelly v. Wengler, 822 F.3d at 1099).

 In addition, when determining the reasonable hourly rate, "District Courts may

also use their 'own knowledge of customary rates and their experience concerning

reasonable and proper fees.'" Sam K. ex rel. Diane C.,788 F.3d at 1041 (citing Ingram v.

Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)).

### 1.    Robert C. Thurston: $300.00 Per Hour

Plaintiffs request the hourly rate of $375.00 per hour until July 31, 2018 for work

performed by Mr. Thurston.  On August 1, 2018, Mr. Thurston increased his rate to

$400.00 per hour.  Thus, Plaintiffs request the rate of $400.00 per hour for work

performed by Mr. Thurston beginning August 1, 2018.  In determining the reasonable

hourly rate for Mr. Thurston, the Court must look at the prevailing rates in this

community.  Roberts, 938 F.3d at 1024 (citing Kelly v. Wengler, 822 F.3d 1085, 1099

(9th Cir. 2016)).

Plaintiffs argue that the relevant community should be the Ninth Circuit, if not

national, due to the specialized practice of IDEA and special education law cases.  ECF

No. 150, p. 6.  In support, Plaintiffs submitted declarations and CVs from attorneys John

Rue and Dorene J. Philpot.  ECF Nos. 136-3 & 136-4.  Both Mr. Rue and Ms. Philpot

state that in their experience, $400.00 per hour is a fair and reasonable hourly rate

considering the prevailing rates for attorneys of similar experience, skill, and credentials

in any (Mr. Rue) (ECF No. 136-3 at ¶ 14) or numerous (Ms. Philpot) (ECF No. 136-4 at ¶ 26) jurisdictions.

As explained earlier, Plaintiffs' arguments are generalized.  The Court does not find Mr. Rue's declaration persuasive.  In Roberts v. City of Honolulu, the Ninth Circuit held that it is an abuse of discretion to solely rely on hourly rates previously awarded to attorneys in unrelated cases and to disregard supporting declarations without explaining why they did or did not establish the prevailing hourly market rate in the district.  Roberts v. City of Honolulu, 938 F.3d 1020, 1025 (9th Cir. 2019).  The Court cannot find that Mr. Rue has specific knowledge of the reasonable and prevailing hourly rates for Hawaii.  The declaration does not state that Mr. Rue has knowledge of the prevailing rates in Hawaii for attorneys of similar experience, skill, and credentials.  While Mr. Rue claims he is familiar with the reasonable rates in numerous jurisdictions, he does not state whether Hawaii is included.  Moreover, it appears that Mr. Rue's practice is primarily in Texas.

The Court also cannot find that Ms. Philpot has specific knowledge of the reasonable and prevailing hourly rate in Hawaii.  Similar to Mr. Rue, Ms. Philpot states she is familiar with the prevailing hourly rate in numerous jurisdictions, but fails to specifically address whether Hawaii is included.

Further, in his declaration, Mr. Thurston states that he "incorporate[s] most taxable costs, e.g., photocopies, postage, phone charges, into [his] hourly fee."  Declaration ¶ 9. (ECF No. 136-2); see Andrade v. Gaurino.  Mr. Rue or Ms. Philpot do not address whether this inclusion is appropriate in Hawaii.  Nevertheless, the Court finds that the

practice of incorporating costs into attorney's fees is not appropriate because the Court
cannot determine whether the amount sought is, *inter alia*, "a fair estimate" of the costs.
Fed. R. Civ. P. 55(d)(2)(B)(iii).

Mr. Thurston states that he has been practicing law for 32 years and dedicated his
practice to special education law for the past 10 years at the administrative level, federal
district courts, and U.S. Courts of Appeal across the country, including the Ninth Circuit.
It appears that Mr. Thurston has experience as lead counsel in special education cases in
various states, including but not limited to Hawaii, New Jersey, and Arizona.  ECF No.
136-2.  The Court has also reviewed Mr. Thurston's CV.

Defendants object to Mr. Thurston's requested hourly rates by comparing Mr.
Thurston's rates to Keith Peck's requested hourly rates.  ECF No. 139, p. 10.  Defendants
state that because Mr. Thurston has less experience than Mr. Peck, Mr. Thurston's hourly
rates should be less than Mr. Peck's.  Id.  However, the standard which must be applied is
whether the requested rate is "in line with those prevailing in the community for similar
services by lawyers of reasonably comparable skill, experience, and reputation."
Roberts, 938 F.3d at 1025.  Experience is just one aspect of the Court's analysis.

Mr. Thurston's work occurred between 2017 and 2019.  The Court is well aware
of the rates awarded in this district and finds that $300.00 is a reasonable hourly rate for
Mr. Thurston.  See Roberts v. City of Honolulu, Civ. No. 15-00467 ACK-RLP, 2020 WL
234617, at *1-2 (D. Haw. Jan. 15, 2020) (citing Ingram v. Oroudjian, 647 F.3d 925 (9th
Cir. 2011) (the Ninth Circuit held that district court did not abuse its discretion by relying
on its own knowledge and experience to determine the reasonable hourly rate for

attorneys' fees); <u>Sam K.</u>, 788 F.3d at 1041 ("[d]istrict courts may also use their 'own

knowledge of customary rates and their experience concerning reasonable and proper

fees.'")).  <u>See</u> <u>also</u> <u>D.H. ex rel. Clarenore S. v. Department of Educ., Hawaii</u>, Civ. No.

12-00533 DKW-RLP, 2014 WL 772895, at *4 (D. Haw. Feb. 25, 2014) (Mr. Fonseca is

awarded $285 per hour and is recognized as a leading practitioner of IDEA law in

Hawaii, who has been practicing for 30 years; Mr. Varady, an attorney practicing for 16

years in 2013 was awarded $285.00).

2.    <u>Keith Peck: $290.00 Per Hour</u>

Mr. Peck requests an hourly rate of $375.00 for work performed on this case.

Motion, ECF No. 136-1, p.15.  According to the Motion, Mr. Peck has more than 25

years of experience primarily handling special education cases and is well-known in the

State of Hawaii as a special education attorney.  Defendants object to this rate and

recommends an hourly rate of $250.00 is reasonable.  The Court agrees that the requested

rate is excessive but finds that an hourly rate of $290.00 is reasonable.

In his declaration, Mr. Peck cites to hourly rates awarded in ERISA cases and not

IDEA cases.  In addition, the declaration does not address Mr. Peck's reputation as

discussed in <u>Department of Educ. Hawai"i v. C.B. ex rel. Donna B.</u>, No. CIV. 11-00576

SOM, 2012 WL 7475406, at *7 (D. Haw. Sept. 28, 2012), <u>report and recommendation</u>

<u>adopted,</u> No. CIV. 11-00576 SOM, 2013 WL 704934 (D. Haw. Feb. 26, 2013)<u>.</u>   In the

IDEA case <u>Department of Educ. Hawai"i v. C.B. ex rel. Donna B.</u>, the Court notes that in

2012, Mr. Peck "was licensed to practice law in Hawaii in 1997 and has been a solo

practitioner focusing on IDEA cases for the past 13 years."  <u>Id.</u>  In <u>Dep't of Educ.</u>

Hawai"i v. C.B. ex rel. Donna B., Mr. Peck requested for $275.00 per hour for work

performed, but was awarded $250.00 per hour.  Id.  In Dep't of Educ. Hawai"i v. C.B. ex

rel. Donna B., the Court cited Mr. Peck's reputation, and declined to award Mr. Peck

$275.00 per hour.

The Court is well aware of the prevailing rates in the community for similar

services performed by attorneys of comparable experience, skill, and reputation.  Based

on the Court's knowledge of the prevailing rates and Mr. Peck's reputation as discussed

in Dep't of Educ. Hawai"i v. C.B. ex rel. Donna B., the Court finds that the hourly rate of

$290.00 is reasonable.  See also D.H. ex rel. Clarenore S., 2014 WL 772895, at *3-4.

### 3.    Kirstin Hamman: $250.00 Per Hour

Ms. Hamman was admitted to the bar since October 1997 and has been litigating

for the past 19 years.  ECF No. 91 at Exhibit "A."  Ms. Hamman has been practicing

special education law for four years and requests $250.00 for work performed in this

case.  Ms. Hamman's declaration states that the standard billing rate for attorneys

practicing in Maui is $250.00 an hour and the standard billing rate for attorneys handling

special education cases range from approximately $200 to $400 per hour, depending on

experience.  ECF No. 91.  Based on this Court's familiarity with the prevailing rates in

the community for similar services performed by attorneys of comparable experience,

skill, and reputation, as well as other prior attorneys' fees awards in this district, the

Court finds that the requested hourly rate of $250.00 reasonable.

####     4.    Michelle Comeau: $225.00 Per Hour

Ms. Comeau is a former attorney at Dentons and has over 10 years of commercial and civil litigation experience when she worked on this case and requests an hourly rate of $275.00 for work performed on this case.  Ms. Miller's declaration states that "Ms. Comeau's hourly rate of $275.00 in this matter for the 16.7 hours billed is well within the range of reasonableness for attorneys with similar experience in this community."  ECF No. 136-5 at ¶ 8.  Although Ms. Comeau has 10 years of litigation experience, the Court must also consider her skill and reputation.  The declaration does not explain why the hourly rate of $275.00 per hour is comparable to attorneys in this district with similar skill and reputation, when Ms. Comeau does not appear to have any prior experience with special education cases.  The Court is well aware of the hourly rates awarded in this district and finds that $225.00 is a reasonable hourly rate for Ms. Comeau.  See also D.H. ex rel. Clarenore S., 2014 WL 772895, at *3-4.

####     5.    Kristin Holland: $325.00 Per Hour

Ms. Holland is a Director and Shareholder at Dentons and her requested hourly rate is $415.00 an hour.  Ms. Holland has over 23 years of litigation experience.  Ms. Miller's declaration states that Ms. Holland supervised Ms. Comeau and then Ms. Miller. ECF No. 136-5 at ¶ 7.  Ms. Miller's declaration also states that the requested $415.00 hourly rate "is well within the range of reasonableness for attorneys with similar experience in this community."  ECF No. 136-5 at ¶ 7.  The Court does not find Ms. Miller's declaration persuasive.  The requested amount may fall within the range of rates deemed reasonable by the Court, but this Court must "examin[e] rates for comparable

work performed by attorneys in the relevant community with <u>similar skill, experience,</u>

<u>and reputation</u>."  <u>Roberts v. City of Honolulu</u>, 938 F.3d 1020, 1026 (9th Cir. 2019)

(emphasis added).  Here, Ms. Miller's declaration fails to explain its analysis of

comparable work performed by attorneys in the relevant community and how these

attorneys had similar skill and reputation as Ms. Holland.  The Court is well aware of the

hourly rates awarded in this district and finds that $325.00 per hour is reasonable for

work performed by Ms. Holland in this case.  <u>See also</u> <u>D.H. ex rel. Clarenore S.</u>, 2014

WL 772895, at *3-4.

6.    Meredith Miller: $250.00 Per Hour

Ms. Miller has over 18 years of civil litigation experience and requests an hourly

rate of $250.00 per hour.   Ms. Miller was an enforcement attorney at the United States

Environmental Protection Agency.  Ms. Miller later served as the Senior Staff Attorney at

the United States Court of Federal Claims for eight years.  Based on this Court's

familiarity with the prevailing rates in the community for similar services performed by

attorneys of comparable experience, skill, and reputation, as well as other prior attorneys'

fees awards in this district, the Court finds that the requested hourly rate of $250.00

reasonable.

7.    <u>Iris K. Takane: $85.00 Per Hour</u>

Ms. Takane has over 27 years of experience as a civil litigation paralegal in

Honolulu and requests an hourly rate of $160.00.  Ms. Miller's declaration states that

"Ms. Takane's hourly rate of $160.00 in this matter for the 11.9 hours she billed is well

within the range of reasonableness for paralegals with similar experience in this

38

community." ECF No. 136-5 at ¶ 10. However, the Court must also consider Ms.

Takane's skill and reputation. The Court finds that the requested rate of $160.00 is

excessive. Based on this Court's knowledge and experience, the hourly rate of $85.00

per hour is manifestly reasonable. See H. v. Department of Education, Civ. No. 14-

00143 ACK-KSC, 2016 WL 4522177, at *8 (D. Haw. Aug. 29, 2016) (Bruce P. Ellis,

paralegal for over 28 years, awarded $85.00 per hour); D.H. ex rel. Clarenore S. v.

Department of Educ., Hawaii, Civ. No. 12-00533 DKW-RLP, 2014 WL 772895, at *4

(D. Haw. Feb. 25, 2014) ("Courts in this district have awarded an hourly rate of $85 for

paralegals").

The following is a summary of the reasonable hourly rates:

| Attorney/Paralegal | Requested Rate | Reasonable Rate |
|---|---|---|
| Robert C. Thurston | $375.00/ $400.00 | $300.00 |
| Keith H.S. Peck | $375.00 | $290.00 |
| Kirstin Hamman | $250.00 | $250.00 |
| Michelle N. Comeau | $275.00 | $225.00 |
| Kristin L. Holland | $415.00 | $325.00 |
| Meredith G. Miller | $250.00 | $250.00 |
| Iris K. Takane (Paralegal) | $160.00 | $85.00 |

The following is a summary of the Lodestar calculation of the Plaintiffs'

reasonable attorneys' fees:

| Attorney/Paralegal | Reasonable Hours | Reasonable Rate | Lodestar Amount |
|---|---|---|---|
| Robert C. Thurston | 187.6 | $300.00 | $56,280.00 |
| Keith H.S. Peck | 211.5 | $290.00 | $61,335.00 |
| Kirstin Hamman | 68.7 | $250.00 | $17,175.00 |
| Michelle N. Comeau | 16.5 | $225.00 | $3,712.50 |
| Kristin L. Holland | 6.7 | $325.00 | $2,177.50 |
| Meredith G. Miller | 25.3 | $250.00 | $6,325.00 |
| Iris K. Takane (Paralegal) | 11.1 | $85.00 | $943.50 |
| | | Total: | $147,948.50 |

The Court finds that Hawaii GET of 4.712% is reasonable. The total Lodestar calculation of Plaintiffs' reasonable attorneys' fees, including GET in the amount of $6,971.33, is $154,919.80.

 C. <u>Reasonable Costs</u>

  Mr. Peck does not request any costs. Similarly, Mr. Thurston does not report that he seeks any costs in this Attorneys' Fees Motion. He lists costs in his summary, but makes a notation that these costs were included in the Bill of Costs. ECF No. 136-2 at p. 64.

  Ms. Hamman requests for costs in the amount of $418.50 at $0.10 per page for photocopying. Her request has been addressed as part of the Bill of Costs in this case. ECF Nos. 135 at p. 7, 146 & 147. As such, it will not be addressed in this Attorneys' Fees Motion.

  Dentons requests for costs in the amount of $44.99 for messenger and postage fees. The Court finds that the costs sought be Dentons are reasonable.

D.    Supplemental Fee Motion

On August 3, 2019, Plaintiffs filed a Supplemental Declaration of Robert C.

Thurston, Esq. in Support of Award for Attorney's Fees and Costs.  ECF No. 143.

Plaintiffs seek additional costs in the amount of $4,360.00 for 10.9 hours of work

performed by Mr. Thurston.

Defendants argue that the July 4, 2019 entry for 0.3 hours; July 11, 2019 entry for

4.3 hours; and July 12, 2019 entry for 3.7 hours are block billed.  Further, Defendants

point out that the July 12, 2019 entry for 3.7 hours and July 23, 2019 entry for 0.4 hours

include tasks that are ministerial.  Defendants further argue that the July 18, 2019 entry

for 0.2 hours is excessive.

The Court agrees that the identified entries are block billed.  The Court shall first

deduct 0.2 hours for tasks that are ministerial from the July 12, 2019 entry for 3.7 hours

and July 23, 2019 entry for 0.4 hours.  The Court shall then apply a 15% or a 1.2-hour

reduction for all block billed time.  The Court shall deduct 0.1 for the July 18, 2019 entry.

The total awarded in the Supplement is 7.2 hours.

The reasonable hourly rate for Mr. Thurston was determined earlier.  Thus, the

total lodestar amount for the Supplemental is 7.2 multiplied by $300.00, which equals

$2,160.00.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for an Award of

Attorneys' Fees and Costs be GRANTED IN PART and DENIED IN PART.  The Court

Recommends that the district judge award Plaintiffs $147,948.50 in attorneys' fees,

$6,971.33 in GET, for a total of $154,919.80 for 527.40 hours of work performed in this case. The Court FINDS that Plaintiffs should be awarded $44.99 in costs.

Further, the Court FINDS and RECOMMENDS that Plaintiffs be awarded $2,160.00 for the Supplemental attorneys' fees, $101.78 in GET, for a total of $2,261.78 for 7.2 hours of work performed.

Thus, the total amount of attorneys' fees that should be awarded in this case is $157,181.58 and $44.99 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 5, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ No. 11-00523 DKW-RT; *Howard G., et al. v. State of Hawaii, et al.*; Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Petition for Award of Attorneys' Fees and Costs